**Teodora ESTRADA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39651.**

Court of Criminal Appeals of Texas.

June 1, 1966.

Rehearing Denied Oct. 12, 1966.

O. W. Sternberg, Waco, counsel on appeal, for appellant.

W. E. Coats, Dist. Atty., Tyler, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Judge.

The offense is burglary; the punishment, 6 years.

Appellant's amended motion for new trial was overruled and he was sentenced and gave notice of appeal on January 3, 1966.

The record before us consists of a transcript, a statement of facts adduced on the trial and a statement of facts on motion for new trial.

While the procedure in Art. 40.09, Vernon's Ann.C.C.P., 1965, relating to the preparation and approval of the record on appeal and the filing of briefs in the trial court assigning error was not complied with, the sole ground relied upon in appellant's brief filed in this court is that he was

compelled to go to trial with court appointed counsel, and without counsel of his choice, in violation of the rights guaranteed him under the 4th, 5th, 6th and 14th Amendments of the Constitution of the United States.

■ The facts relating to such claim are before us in the statement of facts approved by the trial judge, and the unassigned error may be reviewed by this court. Art. 40.09 C.C.P., Sec. 13.

The record shows the following:

The indictment was returned March 4, 1965 and copy was served on appellant on March 6, 1965.

On July 26, 1965, appellant appeared in court and reported that he had employed Hon. Weldon Holcomb, of Tyler, to represent him. Mr. Holcomb had received no fee and advised the court that he did not represent appellant and the case was passed. On October 18, 1965, appellant was brought from the penitentiary on a bench warrant at which time the court appointed Hon. Jack Norwood, former Assistant Criminal District Attorney of Smith County and former Assistant Attorney General of Texas, to represent appellant and the case was passed on motion of the appellant and reset for trial November 29, 1965.

During the week prior to November 29, 1965, Hon. O. W. Sternberg, a practicing attorney of Waco, contacted the Criminal District Attorney of Smith County and advised him that the family of appellant had employed or was considering employing him to represent appellant and indicated that he had some conflicts and agreed to contact his friend Hon. Martin Sammons, Tyler attorney, and ask him to be present at the call of the docket on November 29 to make an announcement of ready. He assured the District Attorney that he could and would be present the day the case was set, later in the week, to represent appellant.

On November 29, Mr. Sammons came to court with a motion for continuance sworn to by Attorney Sternberg and was instructed by the court to notify Mr. Sternberg that the case had been set for trial at 9 o'clock A.M. on November 30, 1965.

Attorney Sternberg did not appear on either of said days or when the case was reached and the trial began on December 1, 1965, and did not appear, though subpoena was issued and served upon him, at the hearing on appellant's motion for new trial.

Upon the filing of the motion for continuance by O. W. Sternberg as attorney for appellant, Hon. Jack Norwood requested leave to withdraw as attorney for appellant. The motion was denied and Counsel Norwood ably represented appellant at his trial and in the presentment of his motion for new trial.

The record reflects that appellant was not acquainted with and had never seen Attorney Sternberg.

■ Under the facts, the trial court did not err in proceeding with the trial.

"An accused's right to select his own counsel, however, cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." United States v. Bentvena, 2 Cir., 319 F.2d 916, 936, and cases cited.

Appellant's claim of denial of his constitutional rights is overruled.

The judgment is affirmed.