R. C. ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43025.

Court of Criminal Appeals of Texas.

July 22, 1970.

Rehearing Denied Oct. 14, 1970.

---

Richard N. Johnston, Dallas (on appeal only), for appellant.

Jim Vollers, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., Edgar A. Mason and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, assessed by the jury, 35 years.

The sufficiency of the evidence to sustain the conviction is not challenged and a recitation of the facts is not deemed necessary.

In his first three grounds of error appellant contends he was forced to accept representation by court appointed counsel.

The indictment was returned on April 21, 1969, and although we find no written request for the appointment of counsel, no pauper's oath, or any formal order of appointment in the record, it is observed that the docket sheet reflects that on April 24, 1969, the Honorable S. L. Halsey and the Honorable Ralph Taite were appointed by the court to represent the appellant. On May 12, 1969, the case was set for trial for May 27, 1969. The case was reset on May 27 for June 4, 1969, at 9 a. m. At approximately 1:15 p. m. on June 4 it came to the attention of appellant's appointed counsel that appellant's mother had attempted to retain other counsel who was considering accepting the case. The matter was called to the court's attention. Thereafter Attorney Halsey testified he had conferred with the appellant in jail on three separate occasions, the first time being April 28, 1969, had advised him of the court's appointment and there had not been any mention of the appellant hiring other counsel; that he learned for the first time appellant's mother was attempting to retain other counsel that afternoon. Attorney Taite testified he had prepared the case and was ready for trial. One of the prosecutors testified that upon learning that day the appellant was seeking to hire other counsel he had talked to the counsel in question, Richard Johnson, and learned that he was considering entering the case dependent upon the yet undetermined outcome of an out of county condemnation proceedings of property belonging to appellant's relatives so that he would be assured his fee.

Thereafter the record reflects the following:

"THE COURT: Do you have any objection to these lawyers?

"THE DEFENDANT: Well, Judge, I did want to see whether Mr. Johnson wanted to do—you know, about what he's going to represent me or what, you know. I did want to kind of see that.

"THE COURT: Do you admit that these two young lawyers have interviewed you from time to time in jail? Have they talked to you?

"THE DEFENDANT: Yes.

"THE COURT: From time to time you knew that they were appointed to represent you?

"THE DEFENDANT: Yes.

"THE COURT: And has Mr. Johnson ever talked to you about anything at all?

"THE DEFENDANT: Well, no, sir. I was just informed here Tuesday—

"THE COURT: You knew this case was set for trial and these appointed lawyers had told you that?

"THE DEFENDANT: Yes, sir, I asked the attorney here, could he pass this for a week or so, you know—

"THE COURT: And it has been passed for three times, hasn't it?

"THE DEFENDANT: Well, just twice that I know of.

\*     \*     \*     \*     \*     \*

"THE COURT: You made application to the Court to appoint a lawyer to represent you?

"THE DEFENDANT: Yes.

"THE COURT: And he did appoint you a lawyer, and in fact he appointed you two lawyers, you understand that?

"THE DEFENDANT: Yes.

"THE COURT: You asked the Judge to appoint you a lawyer, didn't you?

"MR. ORMESHER: Judge, may I explain just one thing? Judge Gossett doesn't require the Defendant to be brought down like some of the Judges do, and personally apply before him. If it is brought to any of our attention that the man doesn't wish to plead guilty or doesn't have an attorney, why, then, we ask the Judge to appoint one, and that was the case in this case.

"THE COURT: Well, you were informed that the Judge had appointed you an attorney weren't you?

"THE DEFENDANT: Yes.

"THE COURT: And then they did confer with you from time to time, these appointed attorneys?

"THE DEFENDANT: Well, I spoke to them, yes, sir.

"THE COURT: All right.

"MR. ORMESHER: Judge, I don't know if this would be regular or not, but Your Honor has talked to Rick Johnson, and I would like the record to reflect that if it might. Well, I guess Mr. Tokoly testified as to what Mr. Johnson said."

■ Under the facts presented, the trial court did not err in proceeding with the trial. Estrada v. State, Tex.Cr.App., 406 S.W.2d 448.

"An accused's right to select his own counsel, however, cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." United States v. Bentvena, 2 Cir., 319 F.2d 916, 936 and cases cited. See also Thompson v. State, Tex.Cr. App., 447 S.W.2d 920; 12 Texas Digest, Criminal Law, Sec. 641.10(1).

In the case at bar the appellant made no request at any time to have his appointed counsel dismissed nor did he seek to waive his right to counsel. His request sought to have the trial postponed again to determine if Mr. Johnson's services could be secured.

We cannot agree that counsel was forced upon the appellant or that appellant was denied the right to be heard by himself or counsel or both.

■ Appellant does contend that until a pauper's affidavit has been filed that the court was without authority to appoint counsel in light of Article 26.04, Vernon's Ann.C.C.P. It is true that when an appointment is made pursuant to such statute it requires such an affidavit when the court is making a determination of indigency and such statute should be followed, but the failure to do so does not call for reversal in the case at bar.

In his two remaining grounds of error appellant complains generally of the ineffective assistance of counsel and specifically of counsel's failure to make a mistrial

motion. The mistrial claim appears to relate in part to the substitution of judges in the midst of trial. The record reflects that the trial commenced before the Honorable Louis T. Holland, Judge of the 97th District Court sitting by proper administrative assignment for the Honorable Ed. Gossett, Judge of the Criminal District Court No. 5, Dallas County. Following the conclusion of the complaining witness' testimony, the first witness for the State, the court stood in recess. The next morning Judge Gossett assumed the bench. Appellant's counsel did make a motion for mistrial, citing Randel v. Beto, 354 F.2d 496 (5th Cir.) cert. den. 387 U.S. 935, 87 S.Ct. 2058, 18 L.Ed.2d 996, and pointed out that under the provisions of Article 37.07, V.A. C.C.P., the Judge would be assessing the punishment and that Judge Gossett had not heard the testimony already adduced. Judge Gossett then replied, "Well, then, we will go and get Judge Holland back in here." At this point the State announced it would consent to have the jury assess the punishment (See Article 37.07, supra) and appellant's counsel agreed and withdrew the motion for mistrial. A written instrument requesting the jury to assess the punishment signed by the appellant personally and his counsel was then filed. The jury assessed the punishment.

We have carefully examined the record and find nothing to indicate that "the trial was a farce, or a mockery of justice, or was shocking to the conscience of reviewing court," or was only perfunctory and in bad faith. Williams v. Beto, 5 Cir., 354 F.2d 698. See Washington v. State, Tex.Cr.App., 450 S.W.2d 630; Thompson v. State, supra, and cases there cited. Appellant's claim that he was denied the effective assistance of counsel is overruled.

Grounds of error #4 and #5 are overruled.

Finding no reversible errror, the judgment is affirmed.