Fred Aaron STOVALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 44982.

Court of Criminal Appeals of Texas.

May 24, 1972.

William R. Magnussen, Fort Worth (on appeal only), for appellant.

Doug Crouch, Dist. Atty., William W. Chambers, William A. Knapp and Ann Delugach, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary with intent to commit theft. Two prior convictions were alleged for enhancement under Article 63, Vernon's Ann.P.C. The punishment was assessed at life.

The record reflects that at approximately two o'clock in the morning Officer Frazier of the Fort Worth Police Department checked a grocery store on White Settlement Road and saw the appellant inside crawling on the floor with a polyethylene bag between his legs. The appellant was wearing gloves and the bag contained cigarettes and candy. Officer Frazier placed him under arrest.

The hasp on the open door had been broken and the padlock was still locked.

The jury chose not to believe the appellant's testimony that he walked into the store through an open door to use the telephone. The prior convictions were proved as alleged at the guilt stage and again at the punishment stage. The appellant admitted that he had counsel when he was previously convicted.

Complaint is made because the trial court refused to let the appellant discharge an appointed attorney so another could be appointed.

The record reflects that on March 18, 1971, the Honorable Ben Tompkins was appointed to represent the appellant. On May 5, 1971, the day of the trial, the appellant informed the trial court that he had discharged his counsel. The court then stated that counsel would not be discharged. He stated that Mr. Tompkins was one of the better lawyers of the Fort Worth-Tarrant County Bar and that he had been an assistant criminal district attorney and had been practicing both civil and criminal law for several years.

The appellant now contends that the court should have on his own motion conducted a hearing to determine why he was dissatisfied with counsel. He never stated any grounds at the time he sought to discharge counsel. No request for a hearing was made at any time before, during or after the trial. Nothing in the record points to any reason the appellant wanted different counsel or that he was not properly represented.

No error is shown. See Estrada v. State, Tex.Cr.App., 406 S.W.2d 448; Robinson v. State, Tex.Cr.App., 458 S.W.2d 75, and Thompson v. State, Tex.Cr.App., 447 S.W.2d 920.

Lastly, the appellant complains that he was not served a copy of the indictment before trial.

During the first stage of the trial the appellant, on direct examination, testified that he had seen the indictment which contained the allegations of the prior offenses. The appellant filed a pro se motion to quash the indictment and, from its contents, it is apparent that he well understood the allegations in the indictment.

There is no showing that he did not receive a copy of the indictment. Absent a

complaint at the beginning of the trial, nothing is presented for review.

No error has been shown. The judgment is affirmed.[1]

---

1. The Court appreciates this well prepared record from the office of the District Clerk of Tarrant County, and especially the deputy clerk who typed and included docket sheet entries instead of using a photographic copy of the handwriting of the trial judge, which is usually sent up in most records. Some copies of handwritten docket entries are almost impossible to read and some are illegible.