Edward HARRIEL, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 54845.

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 25, 1978.

536

Walter M. Sekaly, Beaumont, for appellant.

Tom Hanna, Dist. Atty. and T. Michael Sutton, Asst. Dist. Atty., Beaumont, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for attempted murder; punishment is imprisonment for twelve years.

The trial court's failure to appoint counsel to represent appellant during his trial is asserted to be reversible error. The State responds that the appellant attempted to manipulate his right to counsel in such a manner as to obstruct and interfere with the fair administration of justice and that the court did not err in failing to appoint counsel.

Art. 26.04(a), V.A.C.C.P., provides:

"Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence."

The pivotal issue is whether the court erred in failing to find the appellant indigent, and in failing to appoint counsel to represent him when the appellant would not execute an affidavit stating that he was indigent.

Following are the pertinent facts gleaned from the record. The appellant was already in custody when the indictment was returned by the grand jury on August 14, 1975. Bond was set at $5,000. The appellant, apparently mistaken as to the amount of the bond, sent letters to the trial judge on August 15 and on September 20 requesting that his bond be lowered from $15,000. On September 22, the court informed the appellant in writing that his bond was $5,000 and that when he had counsel his request for reduction of bail could be presented again. The court also informed appellant that counsel would be appointed to represent him if he would sign a form affidavit available in the jail stating that he could not afford private counsel.

On October 1, the appellant demanded a speedy trial. On October 2, the court replied to this request by written memorandum. The memorandum referred the appellant to the court's earlier memorandum and stated that an affidavit form was attached that he could sign if he was qualified to have counsel appointed. On October 11, the appellant made the $5,000 bond, but he failed to appear in court for a pretrial hearing on October 29 and the hearing was reset for November 7. On that date the appellant appeared without counsel and was advised by the court that he faced serious charges and needed representation of counsel. The appellant was reminded that he had requested a speedy trial. The appellant said he did not need a speedy trial now, he just needed a job so he could hire a named attorney. The hearing was then reset for November 19, and the court told appellant to contact his attorney and to have the attorney present for the November 19 hearing. On November 19, the appellant appeared without counsel and the court set the case for trial on March 16, 1976.

On March 16, the appellant appeared without counsel and the trial judge made the following statement for the record:

"So that the Record may be absolutely clear on this point the Court has on numerous occasions prior to today inquired as to the defendant's indigency. The Record will reflect that the defendant is out of custody on a private surety bond and he had previously assured the Court on a number of occasions that he was capable and intended to employ private counsel. Numerous resettings of both arraignment and trial matters have been made in order to accommodate the defendant and allow him to obtain counsel of his own choosing. The Court has found and now finds as a fact that the defendant is not indigent and that he has the present ability to secure funds in order to obtain private representation. The defendant has intentionally disregarded the opportunities provided by the Court to obtain counsel, and the trial of this case will proceed with the defendant acting as his own attorney. The Court has previously told the defendant on many occasions that unless he employs an attorney he would be required to represent himself. In an effort to make sure that all of the defendant's rights are protected, the Court has appointed Honorable Ramie Griffin, Jr., to act as amicus curiae and to represent the Court in this trial. The Court has directed that Mr. Griffin remain with the defendant throughout this trial and to advise him on any matters requested by the defendant, however, Mr. Griffin is not counsel for the defendant and is directed to take no active part in the trial of this case other than providing requested advise to the defendant. In this connection the Court finds that Mr. Griffin is a competent and skillful attorney who practices criminal law on a regular basis in this court and in other courts handling criminal cases in this county."

Following the trial, at which appellant represented himself, the court appointed counsel to represent the appellant on appeal, but later the appellant retained counsel and made a $15,000 appeal bond.

■■■ The accused is entitled to the assistance of counsel in criminal prosecutions. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). However, a trial court is under no duty to appoint counsel for the accused in the absence of a showing of indigency. *Sifford v. State*, 511 S.W.2d 526 (Tex.Cr.App.1974); *Butler v. State*, 506 S.W.2d 902 (Tex.Cr.App.1974).

■■■ The appellant was advised by the trial court of the need for him to file an affidavit stating that he could not afford counsel so that counsel could be appointed in accord with Art. 26.04, V.A.C.C.P. The appellant failed and refused to execute such an affidavit. Although an affidavit of indigency is not required where the accused otherwise makes known to the trial court that he is indigent, *Simmons v. State*, 511 S.W.2d 308 (Tex.Cr.App.1974); *Robinson v. State*, 458 S.W.2d 75 (Tex.Cr.App.1970), no suggestion of indigency was ever made by the appellant prior to his trial. Indeed,

appellant informed the court during a pre-trial hearing that he intended to employ counsel. In addition, he was able to obtain a $5,000 surety bond to secure his release from jail pending trial. The ability to secure such a bond is not, standing alone, sufficient to warrant a refusal to appoint counsel, *Simmons v. State,* supra, but may be considered by the trial court in determining whether an accused is indigent. *Foley v. State,* 514 S.W.2d 449 (Tex.Cr.App.1974).

We hold that the trial court did not err in failing to find the appellant indigent, or in failing to appoint counsel when the appellant refused to execute an affidavit of indigency. The appointment of an attorney to be available during the trial should appellant request advice was proper under the circumstances. See *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Wiggins v. State,* 520 S.W.2d 780 (Tex.Cr.App.1975).

The judgment is affirmed.