REEVES v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-122-CR

SONNY JERRICO REEVES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

I. Introduction

This is an appeal from a conviction for the felony offense of escape. Appellant, Sonny Jerrico Reeves, pleaded guilty to the charge of escape and also pleaded true to the enhancement allegations.  A jury assessed his punishment at seventy-seven years’ confinement.  Reeves appeals his conviction and contends that the trial court abused its discretion by refusing his request for a court-appointed attorney without first conducting a hearing on the matter. 

II. Standard of Review

Appointment of new counsel is a matter solely within the discretion of the trial court.  
Solis v. State 
 792 S.W.2d 95, 100 (Tex. Crim. App. 1990).  Thus, the trial court’s ruling regarding Reeves’s request for the appointment of new  counsel should be reviewed under the abuse of discretion standard.
  
The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action.  
Montgomery v. State,
 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (citing 
Downer v. Aquamarine Operators, Inc
., 701 S.W.2d 238, 241-242 (Tex. 1985)), 
cert. denied, 
476 U.S. 1159 (1986).  Rather, it is a question of whether the court acted without reference to any guiding rules and principles.  
Id
.  Another way of stating the test is whether the act was arbitrary or unreasonable.  
Id
.  The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Id
. 

III. Right to Appointed Counsel

It is well-established and undisputed that an indigent criminal defendant is constitutionally entitled to effective representation by competent counsel.  U.S. 
Const
. amend. VI; 
Tex. Const
. art. I, § 10.  This right is also statutorily protected.  Article 1.051 of the code of criminal procedure provides in pertinent part: “A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding.”  
Tex. Code Crim. Proc. Ann
. art. 1.051(a) (Vernon 2005).  And if the trial court determines that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint counsel to defend him.  
See
 
id
. 
art. 26.04(c) (Vernon Supp. 2005).  
But if a defendant has managed to retain counsel, the trial court has no duty to appoint counsel.  
See Harriel v. State
, 572 S.W.2d 535, 537 (Tex. Crim. App. [Panel Op.] 1978). 

Additionally, if a defendant later decides to change counsel, he must make a timely request or complaint to the trial court.  
See Parker v. State
, 457 S.W.2d 638, 641 (Tex. Crim. App. 1970) (holding trial court’s refusal to dismiss counsel was not error when defendant made known his dissatisfaction with employed defense counsel for first time only after examination of jury panel). 
 He cannot wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he may retain other counsel.  
Webb v. State
, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976); 
Stovall v. State
, 480 S.W.2d 223, 224 (Tex. Crim. App. 1972).  Further, the defendant carries the burden of proving that he is entitled to a change of counsel
.  King v. State
, 511 S.W.2d 32, 34 (Tex. Crim. App. 1974); 
Childress v. State
, 794 S.W.2d 119, 122 (Tex. App.—Houston [1st Dist.] 1990, pet. ref’d).  And a trial court is not required to sua sponte
 
hold a hearing when a defendant expresses dissatisfaction with his counsel.
  Malcom v. State
, 628 S.W.2d 790, 792 (Tex. Crim. App. [Panel Op.] 1982); 
Stovall,
 480 S.W.2d at 224.  

Here, during the punishment phase of the trial, Reeves asked the trial court to appoint him new counsel because he had a conflict with his attorney. However because Reeves’s attorney was retained, the trial court was not required to appoint him an attorney.  
See Harriel, 
572 S.W.2d at 537-38. Additionally, Reeves did not assert or make a showing of indigency, entitling him to a court-appointed attorney.  
See
 
id
. (holding that the trial court did not err in failing to find the appellant indigent, or in failing to appoint counsel when the appellant refused to execute an affidavit of indigency or make his indigency known to the trial court).  Reeves merely stated that he had a conflict with his attorney.  Moreover, he made the request during the punishment phase of the trial approximately five months after he retained his attorney.  This is an untimely request.  
See
 
Webb, 
533 S.W.2d at 784; 
Stovall, 
480 S.W.2d at 224.  Reeves had ample opportunity to assess counsel’s abilities and, if unsatisfied, to retain new counsel.  
See
 
Metcalf v. State
, No. 05-02-00162-CR, 2002 WL 31399811, at *4 (Tex. App.—Dallas Oct. 25, 2002, pet. ref’d) (not designated for publication) (holding trial judge did not err in denying defendant's request for new counsel because request was not made until morning of trial, defense counsel had been retained approximately twenty-one months before trial, and defendant, if unsatisfied, could have retained new counsel at an earlier date).  Finally, because Reeves did not request a hearing on this matter, he was not entitled to one.  
See
 
Malcom, 
628 S.W.2d at 792; 
Stovall,
 480 S.W.2d at 224.   We therefore hold that the trial judge did not abuse his discretion in refusing to appoint Reeves an attorney without conducting a hearing, and we overrule Reeves’s sole issue. 

IV. Conclusion

Having overruled Reeves’s sole issue, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  MCCOY, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 22, 2005

FOOTNOTES
1:
See
 
Tex. R. App. 47.4
.