COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO.  2-05-122-CR

 

SONNY
JERRICO REEVES                                                     APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

------------

 

FROM THE 43RD
DISTRICT COURT OF PARKER COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

I. Introduction








This is an appeal from a conviction for the
felony offense of escape. Appellant, Sonny Jerrico Reeves, pleaded guilty to
the charge of escape and also pleaded true to the enhancement allegations.  A jury assessed his punishment at
seventy-seven years= confinement.  Reeves appeals his conviction and contends
that the trial court abused its discretion by refusing his request for a
court-appointed attorney without first conducting a hearing on the matter. 

II. Standard of Review

Appointment of new counsel is a matter solely
within the discretion of the trial court. 
Solis v. State  792 S.W.2d
95, 100 (Tex. Crim. App. 1990).  Thus,
the trial court=s ruling regarding Reeves=s
request for the appointment of new  counsel
should be reviewed under the abuse of discretion standard.  The test for abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial court's action. 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)
(citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑242
(Tex. 1985)), cert. denied, 476 U.S. 1159 (1986).  Rather, it is a question of whether the court
acted without reference to any guiding rules and principles.  Id. 
Another way of stating the test is whether the act was arbitrary or
unreasonable.  Id.  The mere fact that a trial judge may decide a
matter within his discretionary authority in a different manner than an
appellate judge in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Id. 

III. Right to Appointed
Counsel








It is well‑established and undisputed that
an indigent criminal defendant is constitutionally entitled to effective
representation by competent counsel. 
U.S. Const. amend. VI; Tex. Const. art. I, '
10.  This right is also statutorily
protected.  Article 1.051 of the code of
criminal procedure provides in pertinent part: AA
defendant in a criminal matter is entitled to be represented by counsel in an
adversarial judicial proceeding.@  Tex.
Code Crim. Proc. Ann. art. 1.051(a) (Vernon 2005).  And if the trial court determines that an
accused charged with a felony or a misdemeanor punishable by imprisonment is
too poor to employ counsel, the court shall appoint counsel to defend him.  See id. art. 26.04(c) (Vernon Supp. 2005).  But if a defendant has managed to retain
counsel, the trial court has no duty to appoint counsel.  See Harriel v. State, 572 S.W.2d 535,
537 (Tex. Crim. App. [Panel Op.] 1978). 








Additionally, if a defendant later decides to
change counsel, he must make a timely request or complaint to the trial
court.  See Parker v. State, 457
S.W.2d 638, 641 (Tex. Crim. App. 1970) (holding trial court=s
refusal to dismiss counsel was not error when defendant made known his
dissatisfaction with employed defense counsel for first time only after
examination of jury panel).  He cannot
wait until the day of trial to demand different counsel or to request that
counsel be dismissed so that he may retain other counsel.  Webb v. State, 533 S.W.2d 780, 784
(Tex. Crim. App. 1976); Stovall v. State, 480 S.W.2d 223, 224 (Tex.
Crim. App. 1972).  Further, the defendant
carries the burden of proving that he is entitled to a change of counsel.  King v. State, 511 S.W.2d 32, 34 (Tex.
Crim. App. 1974); Childress v. State, 794 S.W.2d 119, 122 (Tex. App.CHouston
[1st Dist.] 1990, pet. ref=d).  And a trial court is not required to sua
sponte hold a hearing when a defendant expresses dissatisfaction with
his counsel.  Malcom v. State, 628
S.W.2d 790, 792 (Tex. Crim. App. [Panel Op.] 1982); Stovall, 480 S.W.2d
at 224.  








Here, during the punishment phase of the trial,
Reeves asked the trial court to appoint him new counsel because he had a conflict
with his attorney. However because Reeves=s
attorney was retained, the trial court was not required to appoint him an
attorney.  See Harriel, 572 S.W.2d
at 537-38. Additionally, Reeves did not assert or make a showing of indigency,
entitling him to a court-appointed attorney. 
See id. (holding that the trial court did not err in
failing to find the appellant indigent, or in failing to appoint counsel when
the appellant refused to execute an affidavit of indigency or make his
indigency known to the trial court). 
Reeves merely stated that he had a conflict with his attorney.  Moreover, he made the request during the
punishment phase of the trial approximately five months after he retained his
attorney.  This is an untimely
request.  See Webb, 533
S.W.2d at 784; Stovall, 480 S.W.2d at 224.  Reeves had ample opportunity to assess
counsel=s
abilities and, if unsatisfied, to retain new counsel.  See Metcalf v. State, No.
05-02-00162-CR, 2002 WL 31399811, at *4 (Tex. App.CDallas
Oct. 25, 2002, pet. ref=d) (not designated for
publication) (holding trial judge did not err in denying defendant's request
for new counsel because request was not made until morning of trial, defense
counsel had been retained approximately twenty-one months before trial, and
defendant, if unsatisfied, could have retained new counsel at an earlier date).  Finally, because Reeves did not request a
hearing on this matter, he was not entitled to one.  See Malcom, 628 S.W.2d at 792; Stovall,
480 S.W.2d at 224.    We therefore hold that the trial judge did not
abuse his discretion in refusing to appoint Reeves an attorney without
conducting a hearing, and we overrule Reeves=s sole
issue. 

IV. Conclusion

Having overruled Reeves=s sole
issue, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL F:  MCCOY, HOLMAN, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  December 22, 2005











[1]See Tex. R. App. 47.4.