

# NUMBER 13-14-00380-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LAWRENCE JAMES JR.,                                   Appellant,

v.

THE STATE OF TEXAS,                                      Appellee.

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Justice Rodriguez**

Appellant Lawrence James Jr. challenges his conviction for murder. *See* TEX. PENAL CODE ANN. § 19.02 (West, Westlaw through 2015 R.S.). By nine issues, which we have reorganized, James contends that: (1–5) he was denied due process; (6) his plea

was not voluntary because the trial court did not provide the necessary admonishments; (7) the nunc pro tunc admonishments and unagreed plea recommendations should be withdrawn and replaced with other nunc pro tunc plea papers because they are incorrect; (8) the trial court abused its discretion in not granting James's motion to dismiss his court-appointed counsel prior to trial; and (9) we should remand his case to the trial court so that he "may be allowed to file a motion for new trial." We affirm.[1]

## I. BACKGROUND[2]

James was indicted for murder. After voir dire, James entered a plea of guilty that was non-negotiated and un-agreed, with the State recommending a life sentence and James asking for a twenty-five year sentence. The trial court found James guilty and reset the case for punishment after the preparation of a pre-sentence investigation report (PSIR). At the sentencing hearing, the trial court denied defense counsel's motion to withdraw James's guilty plea. And after reviewing the PSIR and hearing arguments, the trial court sentenced James to life in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.[3]

## II. DENIAL OF DUE PROCESS

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

[2] As this is a memorandum opinion and the parties are familiar with the facts and all issues of law presented by this case are well settled, we will not recite the facts or the law here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[3] On February 23, 2015, James's first-appointed appellate counsel filed an *Anders* brief and a motion to withdraw. James filed a pro se response. Upon our independent review of the record, this Court granted counsel's motion to withdraw and abated the appeal for appointment of a new appellate attorney to consider any "arguable" appellate issues in this case. On September 3, 2015, James's newly appointed appellate counsel filed a brief on the merits.

By his first five issues, James complains that he was denied due process because (1) he received ineffective assistance of counsel, (2) he did not have an open and public trial, (3) he was not given notice of changes made by the trial judge and prosecutor, (4) the prosecutor and the trial court relied on the contents of the PSIR, relative to extraneous offenses and victim statements, and (5) he was not provided a complete record/statement of facts from his court proceedings. We review each due-process claim below.

## A.     Ineffective Assistance of Counsel

By his first issue, James claims that he was denied due process of law by being denied effective assistance of counsel. He contends that his trial counsel failed to provide reasonably effective assistance at the pre-trial hearing, the pre-sentence investigation interview, and the sentencing hearing because, among other things, he (1) failed to communicate and to investigate; (2) failed to file anything in James's defense, including his pro se motions; (3) did not independently investigate facts; (4) withheld information; (5) induced James's guilty plea; (6) failed to notify James that the trial court and prosecutor were reassigned; (7) failed to object to extraneous offense and victim statement language in the PSIR; and (8) failed to provide "truthful" advice to James regarding the withdrawal of his plea.

### 1.     Standard of Review and Applicable Law

We review ineffective assistance of counsel claims under the two-pronged test articulated in *Strickland v. Washington*. 466 U.S. 668, 687 (1984); *see Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (en banc) (adopting *Strickland* as the applicable standard under the Texas Constitution). The first prong requires a showing

3

that counsel's performance was deficient—that counsel made errors so serious that counsel was not functioning as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The second prong of the *Strickland* test requires a showing that counsel's deficient performance prejudiced the defense—that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.* There is no reason for a court to approach an ineffective-assistance inquiry in the same order or even to address both components or prongs of the inquiry if the defendant makes an insufficient showing on one. *Id.* at 697; *see Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012) (concluding that a reviewing court need not consider both prongs of the *Strickland* test and can dispose of an ineffectiveness claim if the defendant fails to demonstrate sufficient prejudice).

Relevant to our analysis in this case, under the first prong, "[d]eficient performance means that 'counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment.'" *Ex parte Napper*, 322 S.W.3d 202, 246 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 687). Our review presumes that counsel's actions fell within the wide range of professional competence and could be considered sound trial strategy or the product of a tactical decision. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011); *see Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). We must consider the totality of counsel's representation and the circumstances of each case. *Lopez*, 343 S.W.3d at 143. On a silent record, this Court can find ineffective assistance of counsel only if the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Mata v. State*, 226

4

S.W.3d 425, 428–29 (Tex. Crim. App. 2007); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

### 2. Discussion

In support of his argument under the first prong of *Strickland*, James sets out numerous claims that he asserts are meritorious and that support his ineffective-assistance-of-counsel issue. However, James's appellate counsel explains that while he believes James's claims may have merit, "there is not sufficient evidence in the record to support those claims."

Presuming that counsel's actions fell within the wide range of professional competence and could be considered sound trial strategy or the product of a tactical decision, *see Lopez*, 343 S.W.3d at 142; *see also Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851, and considering the totality of counsel's representation and the circumstances of this case, *see Lopez*, 343 S.W.3d at 143, we cannot conclude that James's trial counsel was ineffective. *See Mata*, 226 S.W.3d at 428–29; *Goodspeed*, 187 S.W.3d at 392. James's complaints are simply too vague and generalized for us to determine that there was no strategic reason for counsel's actions. With no record of counsel's reasoning, we cannot determine that James's counsel was deficient in his representation. *See Strickland*, 466 U.S. at 687; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (holding that a reviewing court cannot determine that trial counsel was ineffective where there was no record of his reasoning). And on this silent record we cannot conclude that counsel's challenged conduct was so outrageous that no competent attorney would have engaged in it. *See Mata*, 226 S.W.3d at 428–29;

*Goodspeed*, 187 S.W.3d at 392.   James has not satisfied the first prong—the deficient-performance prong—of *Strickland.*[4]   *See Strickland*, 466 U.S. at 687.   Having so concluded, we need not address the second prong—the prejudice prong.   *See id.* at 697; *Cox*, 389 S.W.3d at 819; *see also* TEX. R. APP. P. 47.1.   We overrule James's first issue.

## B.   Open and Public Trial

In his second issue, James contends that he was denied due process by being denied an open and public trial.   But as noted in James's brief, other than his claims and contentions, "counsel [was] unable to set forth an argument on this issue because . . . there [was] nothing in the record to support an allegation that the courtroom was closed to the public."   We agree and overrule the second issue.

## C.   No Notice of Changes of Trial Judge and Prosecutor

James concedes that he is unable to set forth an argument on his third due-process issue and cannot establish that he was harmed when he was not notified of the change in the trial judge and the prosecutor in his case.   It is undisputed that James's original assistant district attorney was appointed to the bench in the 252nd District, sitting in Jefferson County, Texas, where James's case was to be heard.   Counsel for James

---

[4] Although James's attempt at a direct appeal has been unsuccessful, he is not without a potential remedy.   Challenges requiring development of a record to substantiate a claim, such as ineffective assistance of counsel, may be raised, as noted by James's appellate counsel, in an application for writ of habeas corpus.   *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through 2015 R.S.); *Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001) (en banc); *Ex parte Torres*, 943 S.W.2d 469, 476 (Tex. Crim. App. 1997) (en banc).   An application for writ of habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial."   *Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999); *see Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("This Court has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus."); *see also Ex parte Santana*, 227 S.W.3d 700, 704–05 (Tex. Crim. App. 2007).

explains that "[i]t is for that reason she disqualified herself from hearing this trial. . . . [But for the change, James] would have been subjected to a trial judge with a conflict of interest had she not disqualified herself." We agree and overrule James's third issue.

## D.    Reliance on the PSIR at Sentencing

By his fourth issue, James claims that he was denied due process of law because, at the sentencing hearing, the prosecutor and the trial court relied on contents of the PSIR relative to extraneous offenses and victim statements. The State argues that James did not preserve this complaint for appeal and waived any objections. We agree with the State.

When a PSIR has been prepared, the defendant has the opportunity to "introduce testimony or other information alleging a factual inaccuracy in the investigation or report," which in this case would have related to extraneous offenses and victim statements. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9(e) (West, Westlaw through 2015 R.S.); *see Stringer v. State*, 276 S.W.3d 95, 99 (Tex. App.—Fort Worth 2008) (op. on remand), *aff'd* 309 S.W.3d 42 (Tex. Crim. App. 2010) (setting out the history of the statutory pre-sentencing reporting scheme found in article 42.12, section 9(a) of the Texas Code of Criminal Procedure) (citing, *e.g.*, *Smith v. State,* 227 S.W.3d 753, 763 (Tex. Crim. App. 2007) (holding that a trial court, as the sentencing entity, may consider extraneous misconduct set forth in the PSIR over the defendant's objection that "the extraneous misconduct has not been shown to have been committed by the defendant beyond a reasonable doubt" as required by the code of criminal procedure); *Fryer v. State*, 68 S.W.3d 628, 630–32 (Tex. Crim. App. 2002) (concluding that the trial court, as the

sentencing entity, may consider the portion of the PSIR containing victim impact statements over defendant's objection that the code of criminal procedure authorizes consideration of a victim impact statement only after punishment has been assessed); *Brooks v. State*, 76 S.W.3d 426, 435 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding that the trial court, as the sentencing entity, may consider extraneous misconduct set forth in the PSIR over the defendant's objection that the State did not give him timely notice of its intent to introduce such misconduct as required by the code of criminal procedure)). However, to preserve error for appellate review, the complaining party must timely and specifically object and obtain a ruling. *See* TEX. R. APP. P. 33.1(a). Failure to object to the use of a PSIR waives any complaints about the contents of the report or the notice of the contents. *Moore v. State*, 672 S.W.2d 242, 243 (Tex. App.—Houston [14th Dist.] 1983, no pet.), *abrogated on other grounds by Karenev v. State*, 281 S.W.3d 428 (Tex. Crim. App .2009).

James acknowledges that he did not object to the PSIR at the time of sentencing. He did not object to any argument by the State about the content of the PSIR, specifically his criminal history or the victim statements. And James presented no testimony or other evidence relating to any alleged errors in the PSIR or to what the evidence would have shown at the time of trial. Instead, James referenced his own statement that was included in the PSIR and argued that it provided the reasons supporting his plea-withdrawal request. Because James did not object to the PSIR, he has not preserved this issue for our review. We overrule James's fourth issue.

E.     **Record from Court Proceedings**

By his fifth issue, James contends that he was denied due process because he was not provided with a complete record or statement of facts from his court proceedings. James suggests that the court reporter was not recording certain, relevant proceedings. The State asserts that James preserved nothing for appellate review. We agree with the State.

James bases his lack-of-record complaint on a period from the end of voir dire on April 29, 2014 at approximately 11:00 a.m. until the trial court recalled the case the same day at approximately 2:00 p.m. Upon the conclusion of the voir dire proceedings, the trial court asked the voir dire panel to wait outside the courtroom for twenty minutes so that the parties could strike their jury lists. The trial court also asked to see counsel. It appears from our review of the record that the break lasted three hours, not twenty minutes, and when the proceedings resumed, decisions had been made to enter a plea of guilty and execute written admonishments. But any discussion between the trial court and counsel and any relevant proceeding that occurred during this time do not appear on the record.

Texas Rule of Appellate Procedure 13.1(a) requires the official court reporter, "unless excused by agreement of the parties, [to] attend court sessions and make a full record of the proceedings." TEX. R. APP. P. 13.1(a). But even if were we to conclude that there was a court proceeding or a discussion that was not recorded as James contends, and

> even if Rule 13.1 *does* impose a preliminary burden on the *trial court* to ensure the presence of a court reporter at all proceedings, our case law also imposes an additional, independent burden to object on the appealing party to make a record demonstrating that error occurred in the trial court. This

> includes a burden to object when the official court reporter is not present, as he is required to be under Rule 13.1, in order to preserve any error that may occur for appeal.

*Davis v. State*, 345 S.W.3d 71, 77 (Tex. Crim. App. 2011) (emphasis in original); *see Satterfield v. State*, 367 S.W.3d 868, 870 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (holding that right to a court reporter is a right that may be forfeited by a defendant). Thus, to avoid forfeiture of the right to a record of certain portions of the voir dire proceedings or the plea hearing, if any, James must have either requested a court reporter or objected to the reporter's failure to record the proceedings. *See Satterfield*, 367 S.W.3d at 871; *Ham v. State*, 355 S.W.3d 819, 822–23 (Tex. App.—Amarillo 2011, pet. ref'd) (holding that when the court reporter failed to record a portion of the trial, "it was for [the defendant] to raise a complaint with the trial court"); *see also Newman v. State*, 331 S.W.3d 447, 450 (Tex. Crim. App. 2011) ("The record appellant presented, however, contains no reporter's record of any hearing that may have occurred on June 26, 2008. This record also does not show whether appellant objected in the event that the court reporter was not present to transcribe the June 26, 2008 hearing."); *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("The record does not reflect that appellant made an objection to the court reporter's failure to record the bench conferences nor does appellant allege he made such an objection at trial. Therefore, appellant has failed to preserve his complaint for appeal.").

In this case, if the court proceeding or discussions continued for approximately three hours from the end of voir dire to the plea hearing, there is no indication in the record that James objected to the court reporter's failure to record that portion of the proceeding,

either by making a record at that time demonstrating that error occurred or in a post-judgment motion. Because the record does not indicate that James requested that a court reporter record that specific period of the proceeding, if any, or objected to the court reporter's failure to record that portion of the proceeding, we conclude that James has failed to preserve for appellate review his complaint that the trial court denied him due process by failing to provide him with a complete record or statement of facts from his court proceedings. *See Davis*, 345 S.W.3d at 77; *Satterfield*, 367 S.W.3d at 871; *see also Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("[O]ur prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved."). We overrule James's fifth issue.

### III.   INVOLUNTARY PLEA

By his sixth issue, James contends that the trial court erred in accepting his guilty plea without providing the necessary admonishments, and therefore, his plea was involuntary. The State responds, and James concedes, that "[t]he trial court's admonishments were both orally [given] and in writing, and completely apprise[d James] of all requisite admonishments under the statute."

Upon a review of the record, we agree that the trial court did not err in its admonishments. Instead, the trial court properly admonished James, both orally and in writing. In so doing, the record provides a prima facie showing that James's guilty plea was made voluntarily and knowingly, and the burden shifted to James to demonstrate that his plea was not voluntary. *See Martinez v.* State, 981 S.W.2d 195, 197 (Tex. Crim.

11

App. 1998) (en banc) (per curiam) ("A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily" and "the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm."); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (West, Westlaw through 2015 R.S.) (providing that in admonishing the defendant, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.").

In this case, James argues only that he was not provided the necessary admonishments, thus, his plea was involuntary. Yet James concedes that the court provided those admonishments. James offers no other argument to support his contention that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. We cannot conclude that James met his burden of showing a lack of voluntariness. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c); *Martinez*, 981 S.W.2d at 197. We overrule James's sixth issue.

## IV. WRITTEN ADMONISHMENTS AND UNAGREED PLEA RECOMMENDATIONS

James claims, by his seventh issue, that the nunc pro tunc set of plea papers— the written admonishments and his unagreed plea recommendations—did not properly correct the trial court's clerical error on the first set of plea papers. James suggests that the trial court should issue a second nunc pro tunc order acknowledging the clerical error and declaring April 29, 2014 as the actual date the parties executed the document. The State responds that the two sets of documents "just as easily work in conjunction with

12

each other." We agree with the State.

The trial court called this cause for pre-trial matters on April 28, 2014. Voir dire began on April 29, 2014. There are two sets of written plea papers in the record. The first set contains the parties' signatures and James's fingerprint. It is dated April 28, 2014. The second nunc pro tunc set of plea papers is dated correctly April 29, 2014, but does not include the parties' signatures or James's fingerprint. James and the State agree that both sets contain the same requisite admonishments and that the parties reviewed and signed the first set not on April 28 but on April 29, 2014, the day of the plea hearing.

After considering the record and the arguments of the parties, we conclude that the best reasoned analysis and the most efficient use of judicial resources is to construe the second set of plea papers as "partial nunc pro tunc" documents. The text that sets out the admonishments and the punishment recommendations is the same in each set. The plea papers dated April 28, 2014, provide the necessary signatures and fingerprint and the partial nunc pro tunc plea papers dated April 29, 2014, provide the correct date when the parties signed the papers. When we read the second partial nunc pro tunc plea papers in conjunction with the first set of plea papers, we find no discrepancy in the record. No further correction is needed. We overrule James's seventh issue.

## V.    MOTION TO DISMISS COURT-APPOINTED COUNSEL

In the eighth issue, James contends that the trial court abused its discretion in not granting his pro se motion to dismiss his court-appointed counsel prior to trial. He complains that the trial court did not consider all of his complaints, specifically his

13

argument that counsel failed to investigate, before it denied his motion to dismiss. But James did not raise counsel's alleged failure to investigate when he urged his motion before the trial court at the pretrial hearing.

When requesting the dismissal of counsel, the defendant must make the trial court aware of his dissatisfaction with counsel and must state the grounds for the dissatisfaction. *Hill v. State*, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985) (en banc) (citing *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) (en banc); *Malcolm v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982); *Stovall v. State,* 480 S.W.2d 223, 224 (1972)). The defendant also bears the responsibility of substantiating his dissatisfaction claims. *Id.*

In this case, trial was to begin on April 29, 2014. On April 28, 2014, at a pretrial hearing, James orally presented his pro se motion to dismiss his trial counsel. To the trial court, James argued generally that (1) he and his attorney had "a conflict of interest"; (2) his lawyer "failed in his duty to adequately represent [him]"; (3) there was no communication between James and his lawyer; (4) his lawyer had not filed any motions on James's behalf; and (5) his lawyer had not "presented anything" and had not given James "full disclosure to make [him] aware of exactly what [he was] facing to make a fair judgment." James's counsel responded that he had filed for the standard discovery order, the State had complied, and he had given James evidence that he had received. Counsel also explained that he had received a plea offer and had gone over the range of punishment with his client. Trial counsel added that he had provided James with a DNA report, although James informed the trial court "there was some other DNA evidence" that

14

he had not received.   Counsel also explained that he had received a video, but that he had no way to play it for James.   The State said that it would arrange for James to view the video that afternoon.   After hearing arguments, the trial court denied James's pro se motion to dismiss counsel.[5]

On appeal, James asserts that although the trial court heard the motion, it failed to address his argument that counsel failed to investigate.   James claims that he "was harmed because he would not have felt pressured into pleading guilty had he been properly heard on this issue by the trial court and provided new counsel."   But James did not make this argument to the trial court.   He did not make the court aware of his dissatisfaction with counsel for his failure to investigate.   *See id.*

Although James included a claim of failure to investigate in his written motion to dismiss, which was signed on April 28, 2014 and filed on May 6, 2014, he did not present his failure-to-investigate claim at the pretrial hearing as a ground supporting his motion to dismiss.   Because James did not present this complaint, the trial court could not have considered it before denying James's motion to dismiss on April 28, 2014, one day before the trial was to begin.   Further, even had James urged counsel's alleged inaction for the court's consideration, our review of the record reveals that he did not substantiate this claim, if any.   *See id.*   So we conclude that James has presented no error on appeal.

---

[5] "While it is true that a trial court's decision not to rule on a pro se motion . . . would not be subject to review, a ruling that a trial court chooses to make is reviewable."   *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).   The trial court in this case chose to rule on James's motion to dismiss his counsel, and so that ruling is reviewable in this appeal.   *See id.*   We do note that the trial court refused to consider other motions at the hearing, informing James that it could not "take things directly from a defendant" and that he should give them to his counsel who had a duty to represent him and would "file whatever he thinks is appropriate."

*See id.* We overrule the eighth issue.

## VI. MOTION FOR NEW TRIAL

By his ninth and final issue, James contends that we should remand his case to the trial court so that he "may be allowed to file a motion for new trial." James makes the following arguments in support of this contention: (1) James's filed a pro se motion for new trial on June 10, 2014, before trial counsel withdrew on June 12, 2014, and "it is unclear whether [James's] desires to be heard fell through the proverbial 'cracks' in the system" before the motion was denied by operation of law; (2) there is nothing in the record to indicate [James] was notified that he could not file his motion or that the pro se motion was forwarded to trial counsel, appellate counsel, or the trial court; (3) "the pro se motion met the requisite particulars set forth above, in addition to being sworn to and including [James's] affidavit which set out reasonable grounds showing [James] could be entitled to relief and supported by his claims with a factual basis"; and (4) "[James] was harmed in that he would have been able to fully develop his appellate record through his new trial proceedings." In response, the State suggests that the trial court disregarded James's pro se motion for new trial and never ruled on it because it concluded that James he had no right to "hybrid representation" in this instance. We are not persuaded by the arguments presented by either James or the State.

First, James filed his pro se motion for new trial timely on June 10, 2014. The trial court did not hold a hearing, and the motion was overruled by operation of law. *See* TEX. R. APP. P. 21.8(c) (providing that a motion for new trial is overruled by operation of law if a written order is not entered by the 75th day after the trial court imposes sentence in

open court).   Without more, we cannot conclude that the trial court did not consider the motion because James had no right to "hybrid representation," as urged by the State.

As to James's arguments, assuming without deciding, that his pro se motion for new trial was properly filed in the trial court, the rules of appellate procedure require that a party "present" his motion for new trial to the trial court within specified time limits.   TEX. R. APP. P. 21.6 (providing generally that a defendant must present motion for new trial to trial court within ten days of its filing); *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998) (en banc) (holding that the appellant had the burden not only to file motion for new trial, but also to present it to trial court); *see Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993) (en banc); *see also Yarborough v. State*, No. 01-04-01076-CR, 2006 WL 181615, at *7 (Tex. App.—Houston [1st Dist.] Jan. 26, 2006, pet. ref'd) (mem. op., not designated for publication).   The term "'present' . . . means the record must show the movant for a new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court."   *Carranza*, 960 S.W.2d at 79.

Here, the record shows that James filed his motion.   It does not show that James actually delivered the motion for new trial to the trial court, otherwise brought the motion to the trial court's attention, or gave the trial court actual notice of the filing.   *See id.*   In other words, the record does not show that James presented the motion for new trial to the trial court.   So James forfeited his complaint for review by not presenting his motion to the trial court, and he has failed to preserve error.   *See* TEX. R. APP. P. 33.1(a); *Mendez v. State*, 138 S.W.3d 334, 339 (Tex. Crim. App. 2004) (en banc); *see also Yarborough*,

17

2006 WL 181615, at *7.   We overrule James's ninth issue.

## VII.   CONCLUSION

We affirm the judgment of the trial court.


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of October, 2015.

18