Richard Allen HILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 493–84.

Court of Criminal Appeals of Texas, En Banc.

March 13, 1985.

---

**3.** Compare *King v. State,* 614 S.W.2d 165 (Tex. Cr.App.1981).

Marshall Davis Brown, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and J. Harvey Hudson and Russell Lloyd, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

THOMAS G. DAVIS, Judge.

A jury found appellant guilty of aggravated robbery and thereafter found the enhancement paragraphs of the indictment to be true. The trial court assessed confinement for life. The First Court of Appeals (Houston) affirmed the conviction. *Hill v. State,* 666 S.W.2d 663 (1984). The Court of Appeals held that the trial court did not err in failing to conduct a hearing on the effectiveness of appellant's court-appointed trial counsel. We granted appellant's petition for discretionary review to examine that holding.

This offense occurred on December 29, 1982. Appellant was arrested two days later. The trial court appointed counsel to represent appellant on February 4, 1983. Between March 4 and May 24, 1983, appellant filed eleven pro se motions. One of the motions is entitled "Notice That The Defendant Will not accept *Thomas C. Dunn* as his Attorney of Record, And Request for Competent Counsel." The mo-

tion states that appellant "would show the Court the following:

"I

"That after the Defendant arraignments, despite several written requested and telephone calls, *Thomas C. Dunn* has refused to get in contact with Defendant, and any attempts made by the Defendant to receive proper counsel from *Thomas C. Dunn* have been totally ignored.

"II

"Attorney *Thomas C. Dunn* refuses to file any Motions that the Defendant, has been requesting him to file.

"III

"Attornay *Thomas C. Dunn* is not investigating my cases properly. Such as talk with the Co. Defendants. Also has refuses investigate circumstances of my cases.

"IV

"Family members have talked with Attorney *Thomas C. Dunn* and they feel as though he is incapble of handling my cases properly." [We have reproduced appellant's motion precisely as it appears in the record.]

A second motion is entitled "Motion to be Relieved of Appointed Counsel and Appointment of Replacement," and essentially repeats the allegations of the first, quoted above.

On June 8, 1983, the trial court held a brief hearing before calling the case for trial. At the hearing, defense counsel presented three of appellant's eleven pro se motions to the court for a ruling, stating "The defendant had asked me he particularly wanted to hear the three motions be filed pro se, that he particularly wanted me to urge the Court."[1]

---

**1.** The three were: "Motion for Disclosure of Witnesses," "Motion to Discover and Inspect Physical Evidence," and a motion in limine re-

garding the conduct of the trial by counsel for the State.

The case then went to trial before a jury. At the conclusion of the State's case, the following colloquy took place out of the presence of the jury:

"MR. DUNN: Judge, the defendant has requested me to request the Court permission to make an oral statement to the Court at this time.

"THE COURT: To the Court?

"MR. DUNN: Yes.

"THE COURT: All right.

"THE DEFENDANT: Yes, Your Honor, on those motions I filed in the court, is it in the record that the motions that wasn't heard is it in the record that were denied?

"THE COURT: No.

"THE DEFENDANT: It's not in the records?

"THE COURT: No.

"THE DEFENDANT: Is there any way possible it can be entered into the record?

"THE COURT: What motion specifically?

"THE DEFENDANT: Every one of them which was filed.

"THE COURT: First, there are several things wrong with that. First of all, you are not co-counsel and never will be. That is not the law of the State of Texas.

"Secondly, some of the motions were not timely filed, and, no,. I am not going to consider them at this late date."

Appellant contends that the trial court should have held a hearing at that point on the issue of defense counsel's effectiveness. The failure to hold such a hearing, appellant argues, constitutes fundamental error.

In *Stovall v. State*, 480 S.W.2d 223 (Tex. Cr.App.1972), defendant informed the trial court on the day of trial that he had discharged his court-appointed counsel. The trial court then stated that counsel would not be discharged. Counsel represented defendant at trial. On appeal, defendant contended that the trial court should have held a hearing on its own motion to determine why defendant was dissatisfied with counsel. This Court rejected the argument, writing:

"[Defendant] never stated any grounds at the time he sought to discharge counsel. No request for a hearing was made at any time before, during or after the trial. Nothing in the record points to any reason the [defendant] wanted different counsel or that he was not properly represented."

In *King v. State*, 511 S.W.2d 32 (Tex.Cr. App.1974), defendant made a similar claim. We quote this Court's discussion of the issue in full:

"Appellant next contends that the court improperly refused to conduct a hearing, outside the presence of the jury, in order to determine if the appellant was justified in his desire to discharge his retained attorney.

"The record reveals that about mid-way through the trial the appellant filed a pro se motion requesting that he be allowed to discharge his retained attorney and employ new counsel. Neither the appellant nor his counsel made any effort to present evidence in support of this motion, nor is the court's reason for denying it shown.

"Although appellant offered no evidence, he argues that the court should have held a hearing on this matter. The record reflects that appellant and the court discussed appellant's request, but appellant did not seek to have this discussion transcribed in the court reporter's notes, nor is the matter preserved by bill of exception.

"Appellant's contention is without merit. Upon presenting his motion, appellant had a duty to offer evidence in support of it, and to preserve the evidence and discussions about the motion for review. This was not done. Absent this action, nothing is preserved for review.[3] ..."

"[3] Appellant does not contend that he received ineffective assistance of counsel, nor would the record support such a contention."

In *Malcom v. State*, 628 S.W.2d 790 (Tex. Cr.App.1982), defendant filed a pro se motion to dismiss court-appointed counsel two

weeks before trial, citing the attorney's "unwillingness to explore the [defendant's] contentions" and alleging that an "irreparable animosity" had developed between defendant and counsel "thus preventing a workable relationship between attorney and client." Defendant alleged in his motion that forcing him to accept his court-appointed lawyer would deny him adequate counsel as guaranteed by the Sixth and Fourteenth Amendments. The motion asked that the court appoint another attorney to represent defendant. The trial court denied the motion the day after it was filed.

On appeal, defendant claimed that the failure of the court to hold a hearing on his motion to dismiss counsel denied him his rights to procedural and substantive due process. Relying in part on *Stovall*, supra, this Court rejected the claim, writing:

"We have found no case law mandating the trial court to sua sponte hold a hearing on this matter. In addition, [defendant] never requested such a hearing."

Appellant seeks to distinguish this case from *Malcom* on two grounds. First, appellant points out that the court in *Malcom* ruled on the motion, whereas in the instant case the trial court did not. Appellant does not go on to explain why this should make a difference. We do not find that it does.

Next, appellant's counsel takes care to deny that he is suggesting that a trial court must conduct a hearing sua sponte on the issue once a defendant claims his court-appointed counsel is inadequate. Rather, counsel seeks to distinguish this case from *Malcom* on the additional ground that appellant in the instant case requested a hearing on the issue. Counsel argues that appellant requested the hearing during the colloquy we have quoted above. Specifically, counsel claims that "[appellant] requested hearings on, 'Each one of them, which was filed' ..."

We note that, of the eleven motions appellant had filed before trial, the court had heard three at the pre-trial hearing. After the State rested, appellant asked if the trial court's denial of the others was in the record. When the court replied that it was not, appellant asked, "Is there any way possible it can be entered into the record?" Given the context, "it" must refer to the court's ruling denying the motion or motions. The court asked "What motion specifically?" The appellant replied, "Every one of them which was filed." The record reflects that appellant asked for a ruling on each of eight motions. The record does not reflect that appellant asked for a hearing on any of them.

In *Malcom*, supra, the Court stated:

"If a defendant is displeased with his appointed counsel, he must bring the matter to the court's attention. Thereupon, the defendant carries the burden of proving that he is entitled to a change of counsel."

██ Even if we assume that appellant in the instant case brought the matter to the trial court's attention, appellant did not request a hearing on the matter nor otherwise attempt to make a record to support his contentions.

██ The clear rule of *Stovall*, supra, *King*, supra, and *Malcom*, supra, is that, in addition to making the court aware of his dissatisfaction with counsel and stating the grounds for the dissatisfaction, a defendant also bears the responsibility of substantiating his claim.

In the instant case, because appellant did not request a hearing, no error was presented.

The judgment of the Court of Appeals is affirmed.