Reversed and Remanded and Opinion filed May 22, 2003














Reversed and
Remanded and Opinion filed May 22, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01185-CR

____________

 

SHANTEE D. HAYWARD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

___________________________________________

 

On Appeal from
the 262nd District Court

Harris County, Texas

Trial Court
Cause No. 890,357

 

___________________________________________

 

O P I N I O
N

            Shantee D. Hayward appeals her conviction
for murder.  We  find the evidence legally sufficient to
support appellant’s conviction, but reverse the trial court’s judgment and
remand for a new trial because the trial court erroneously denied appellant’s
request for a jury instruction on assault as a lesser-included offense. 




 








I.  Factual and Procedural
Background

            Police arrived at the complainant’s
apartment after receiving a suspicious-event call.  Two sets of bloody footprints made a short
trail leading away from the front door of the apartment.  Inside, police found the complainant’s body
in a hallway near the bathroom.  Blood
marks on the wall suggested that the complainant’s body was dragged from the
living room to the hallway.  The
complainant had been stabbed over fifty times, and there was blood throughout
the apartment.  Although several knives
and broken glass were scattered on the living-room floor, there were no
fingerprints.  A downstairs neighbor told
police she had heard a violent fight in the complainant’s apartment about an
hour before the police arrived.  

            Crime Stoppers tips and the
complainant’s caller-identification device led police to appellant, the
complainant’s estranged wife.  They
arrested appellant on an unrelated parole violation after determining that she
was driving the same car the neighbor saw speed away from the murder scene.  Appellant initially told police that she did
not know her husband’s whereabouts or when she last saw him.  However, she later admitted she was at the
murder scene and eventually decided to make a videotaped statement about the
events surrounding the complainant’s death. 


            According to her statement,
appellant traveled to the complainant’s apartment with her boyfriend, Marcus
Hawkins, early one morning.  The purpose
of the trip was to ask the complainant for money with which appellant could buy
crack cocaine.  Appellant claims they saw
a third person, known only as “Chop,” as they were driving toward an open gate
at the complainant’s apartment complex. 
To appellant’s purported surprise, Chop was also en route to the
complainant’s apartment so he entered the car and rode with Hawkins and
appellant until appellant parked the car. 
Appellant and Chop exited the car together and walked to the
complainant’s apartment.  Hawkins waited
in the car.

 class=Section3>

            Appellant said she and the
complainant began to wrestle when the complainant refused to give her any
money, and Hawkins came upstairs and also began to wrestle with the
complainant.  According to appellant’s
statement, when the complainant escaped from Hawkins, Chop came running out of
the kitchen and began stabbing the complainant. 
Appellant told police that she and Hawkins fled the scene after the
complainant collapsed behind the front door of the apartment.  Appellant stated that Chop was the only one
who stabbed the complainant.  The police
used computer databases to search for Chop but were unable to find him.  They presented appellant with a photo array
of men who went by “Chop,” but appellant said none of them was the alleged
third person. 

            A jury found appellant guilty of
murder and assessed punishment at twenty-five years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.

II.  Issues Presented

            Though we do not reach all
of them, appellant presents the following issues for review:

            (1)       Did the
trial court reversibly err by denying appellant’s oral motion for continuance? 

            (2)       Was trial counsel ineffective in failing to preserve error on
the trial court’s denial of appellant’s motion for continuance?

            (3)       Was the evidence legally sufficient to support appellant’s
murder conviction?

            (4)       Was trial
counsel ineffective in failing to object to hearsay testimony?

            (5)       Was the
State erroneously allowed to mischaracterize the evidence during closing
argument? 

            (6)       Did the
trial court reversibly err by denying appellant’s request for an instruction on
assault as a lesser-included offense? 

 




III.  Analysis and Discussion

A.        Was the evidence legally sufficient to support appellant’s
murder conviction?  

 

            In her
third issue, appellant argues the evidence adduced at trial is legally
insufficient to prove she participated in the murder directly or as a
party.  In evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The issue on appeal is not whether we, as a court, believe the State’s
evidence or believe that appellants’ evidence outweighs the State’s evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex.
Crim. App. 1984). 
The verdict may not be overturned unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846 (Tex.
Crim. App. 1991). 
The jury, as the trier of fact, “is the sole
judge of the credibility of witnesses and of the strength of the evidence.”  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may choose to believe or disbelieve
any portion of the witnesses’ testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
When faced with conflicting evidence, we presume the trier
of fact resolved conflicts in favor of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). 
Therefore, if any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt, we
must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  

            We must decide whether a rational trier of fact could have found beyond a reasonable doubt
that appellant: (1) intentionally[1] or
knowingly[2]
caused the death of the complainant or (2) intended to cause serious bodily
injury and committed an act clearly dangerous to human life that caused the
death of the complainant.  See Tex.
Pen. Code §§ 19.02(b)(1) and (2). 
Moreover, because the jury was charged on the law of parties it could
have reached its verdict by deciding that Hawkins and or Chop committed each
element of the offense and appellant, “acting with intent to promote or assist
the commission of the offense, . . . solicit[ed], encourage[d], direct[ed],
aid[ed], or attempt[ed] to aid the other person to commit the offense.”  See
Tex. Pen. Code § 7.02(a).

 class=Section4>

            Circumstantial evidence may be used
to prove that one is a party to an offense. 
Ransom v. State, 920 S.W.2d
288, 302 (Tex. Crim. App. 1994).  Although presence at the scene of an offense
alone is insufficient to support a conviction, it is a circumstance tending to
prove guilt, which, combined with other facts, may suffice to show that the
accused was a participant.  See id. 
In determining whether the accused was a party, it is proper to look to
events occurring before, during and after the commission of the offense, and to
rely on actions of the defendant which show an understanding and common design
to do the prohibited act.  Id.  The standard of review on legal sufficiency
of the evidence is the same for both circumstantial and direct evidence.  King
v. State, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000). 
Moreover, it is not necessary that every fact point directly and
independently to appellant’s guilt; it is enough if the conclusion is warranted
by the combined and cumulative force of all the incriminating circumstances.  See
Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim.
App. 1993).

            In her videotaped statement,
appellant admitted she and Hawkins were at the complainant’s apartment when the
complainant was murdered.  Appellant also
stated: (1) when the complainant refused to give appellant money, she and
Hawkins wrestled with him; (2) eventually, Hawkins restrained the complainant
so appellant could hit him; and (3) when the complainant got away from Hawkins,
a third person, Chop emerged from the kitchen and began stabbing the
complainant. 

            Although appellant said Chop was
coincidentally present and responsible for the murder, she did not know whether
Chop repeatedly stabbed the complainant with a knife or a piece of glass, or
what part of the body Chop stabbed.  When
asked whether anyone at the scene wore socks or gloves over the hands,
appellant first answered, “No, I can’t recall.” 
However, she then clarified that she and Hawkins did not cover their
hands, but said Chop may have covered his hands.  Appellant said she and Chop were close and
indicated that she had known him for approximately two years.  Nevertheless, she did not know Chop’s real
name, where he lived, with whom he associated, or any establishments he
frequented.  Police officers were unable
to locate Chop after an extensive investigation, and two detectives testified
that they believed appellant invented Chop. 
Detective Garretson also testified that appellant’s gestures indicating
her own hitting motions on the videotaped statement were consistent with
stabbing motions.     

            Physical evidence also supported the
State’s theory that two people were responsible for the murder because there
were two sets of bloody footprints outside the apartment.  Moreover, although appellant cleaned her car
after the murder, there was blood in her car and on Hawkins’s shoes.  Appellant said that the shoes and scrubs she
was wearing when she was arrested were the ones she wore at the murder scene.  However, there was no blood on them, and
Detective Garretson testified, based on his training and experience, that they
could not be the same clothes because the absence of blood on them was
inconsistent with the large amount of blood at the crime scene.  Detective Garretson also testified that an
informant told him appellant said she hid her bloody clothes at an abandoned
house.

            The jury had the duty to resolve the
conflicting evidence in this case.  See Anderson v. State, 701 S.W.2d 868, 872–73 (Tex. Crim. App. 1985). 
“Simply because the jury found appellant’s evidence unconvincing is not
grounds for finding insufficient evidence to support the verdict.”  Id.  Detective
Garretson’s expert testimony discredited appellant’s statements that a third
person was present, that she hit the complainant (but did not stab him) and
that she was wearing the unstained clothes and shoes at the crime scene.  See Barcenes v. State, 940 S.W.2d 739, 745 (Tex. App.—San
Antonio 1997, pet. ref’d) (holding evidence that
appellant tried to cover up his actions and expert medical testimony
discrediting appellant’s explanation of injuries was sufficient to sustain
murder conviction).  If the jury believed
appellant attempted to fabricate evidence, it was entitled to regard this as
showing consciousness of guilt.  See King, 29 S.W.3d at 565; Torres v. State, 794 S.W.2d 596, 598–600
(Tex. App.—Austin 1990, no pet.).  From
this evidence, a rational trier of fact could 

 class=Section5>

have
concluded, beyond a reasonable doubt, that appellant intentionally or knowingly
caused the death of her husband or that she intended to cause serious bodily
injury and committed an act clearly dangerous to human life that caused the
death of her husband.  

            In the alternative, the evidence was
sufficient to show that Hawkins and appellant acted together.  Hawkins and appellant traveled to the
complainant’s apartment together early in the morning to get money from
him.  They both wrestled with the
complainant, and appellant said she was swinging at the complainant while
Hawkins restrained him.  Appellant and
Hawkins also fled the scene together after appellant told Hawkins, “We need to
get out of here.”  They went to Hawkins’s
mother’s house, chain smoked, and then cleaned the car.  In her videotaped statement, appellant said
“we [appellant and Hawkins] wasn’t [sic] trying to kill him” and “things was
[sic] not supposed to happen like this.” 
Therefore, there is also legally sufficient evidence to support
appellant’s conviction under the law of parties.

            We find the cumulative force of all
the incriminating circumstances in this case was sufficient to allow the jury
to find appellant guilty beyond a reasonable doubt.  See
Johnson, 871 S.W.2d at 186.  Accordingly, we conclude the evidence was
legally sufficient to sustain the jury’s verdict, and we overrule appellant’s third
issue. 




B.        Did the trial court reversibly err by denying appellant’s
request for an instruction on assault as a lesser-included offense? 

 

            In her sixth issue, appellant argues
that the trial court reversibly erred by denying her request for a jury instruction
on assault as a lesser-included offense of murder.  Under article 36.19 of the Texas Code of
Criminal Procedure we review alleged charge error by answering two
questions:  (1) whether error actually
existed in the charge; and (2) whether sufficient harm
resulted from the error to result in a reversal.  See
Posey v. State, 966 S.W.2d 57, 60 (Tex. Crim.
App. 1998). 

 class=Section6>

            In this
case, there was error in the charge if appellant was entitled to a jury
instruction  on assault as a
lesser-included offense of murder. 
Whether an offense is a lesser-included offense of the offense charged
is determined on a case-by-case basis by looking at the facts of the case and
the proof at trial.  Bartholomew v. State, 871
S.W.2d 210, 212–13 (Tex. Crim. App. 1994).  A defendant is entitled to a lesser-included
offense instruction when two conditions are met: (1) the lesser-included
offense is included within the proof necessary to establish the offense
charged; and (2) some evidence exists in the record that would permit a jury to
rationally find that if the defendant is guilty, she is guilty only of the
lesser offense. Id.  

            Under the first prong, article 37.09
of the Texas Code of Criminal Procedure governs whether a lesser offense is a
lesser-included offense.  Ford v. State, 38 S.W.3d 836, 842 (Tex.
App.—Houston [14th
Dist.] 2001, pet. ref’d).  Article 37.09 provides that an offense is a
lesser-included offense if:

(1) it is established by proof of the same or less
than all the facts required to establish the commission of the offense charged;


(2) it differs from the offense charged only
in the respect that a less serious injury or risk of injury to the same person,
property, or public interest suffices to establish its commission;



(3) it differs from the offense charged only in the respect that a less culpable mental
state suffices to establish its commission; or



(4) it consists of an attempt to commit the offense charged or an otherwise
included offense.

 

Tex. Code Crim. Proc. art. 37.09
(emphasis added).  If none of the
subsections of article 37.09 applies, the lesser offense is not a
lesser-included offense as a matter of law, and the inquiry is over.  Ford,
38 S.W.3d at 842.  Each subsection of
article 37.09 defines the lesser-included offense in relation to the offense charged.  This definition is required because a
lesser-included offense must be necessarily included within the greater offense
to satisfy requirements of due process and notice.  Jacob
v. State, 892 S.W.2d 905, 907 (Tex. Crim. App.
1995).  A defendant cannot
constitutionally be convicted of an offense not subsumed in the offense charged
but nevertheless shown by the evidence presented at trial because the State, in
proving the offense charged, also proved another offense.  See id.

            In this case the indictment alleged
in pertinent part that appellant did:

“. . . unlawfully intend to cause serious bodily injury to [the
complainant] and did cause the death of the Complainant by intentionally and
knowingly committing an act clearly dangerous to human life, namely by stabbing
the Complainant with a deadly weapon, namely a knife.

            . . .

. . . [and appellant] did . . . unlawfully intend to cause  serious bodily injury to [the complainant]
and did cause the death of the Complainant by intentionally and knowingly
committing an act clearly dangerous to human life, namely by stabbing the
Complainant with a deadly weapon, namely a piece of glass.”

 




            1.         Did the indictment require the State to
prove appellant assaulted the complainant?

 

            A lesser-included offense determination
under article 37.09(1) is made by looking at (1) the elements of the offense
actually charged; (2) the statutory elements of the offense sought as a
lesser-included offense; and (3) the evidence presented at trial to prove the
elements of the charged offense.  Jacob, 892 S.W.2d at 907–08.  This means that, first, we conduct a
statutory, and then, a factual analysis, in light of the charged offense.  Id. at 908.  Next, we examine the elements of the offense
claimed to be a lesser-included offense to see if these elements are
functionally the same or less than those required to prove the charged
offense.  Id.  Then, we examine the proof or facts actually
presented to prove the elements of the charged offense to see if that proof
also shows the lesser-included offense.  Id.

            Applying article 37.09(1) to this
case, the “facts required to establish” the charged offense are that appellant
intended to cause serious bodily injury to the complainant and caused his death
by intentionally and knowingly stabbing him with a knife or a piece of glass.  

 class=Section7>

See Jacob, 892 S.W.2d at 908–09 (explaining
that in this context “facts required” means the evidence legally required to
prove the elements of the charged offense). 

            The offense of assault occurs when a
person:

(1)
intentionally, knowingly, or recklessly causes bodily injury to another,
including the person’s spouse; or 


(2) intentionally or knowingly threatens another with imminent bodily injury,
including the person’s spouse; or


(3) intentionally or knowingly causes physical contact with another when the
person knows or should reasonably believe that the other will regard the
contact as offensive or provocative.



Tex. Pen. Code § 22.01(a).  Comparing the statutory elements of assault
to the charged offense, assault is established by proof of the same or less
than all the facts required to establish that appellant committed murder as
charged in the indictment.  See Tex.
Code Crim. Proc. art. 37.09(1); Jacob, 892 S.W.2d at 908–09. In proving
appellant intentionally and knowingly caused the complainant’s death by
stabbing him, the State was required
to prove appellant intentionally, knowingly, or recklessly caused bodily injury
to the complainant.  See Tex. Pen. Code §
22.01(a)(1); Jacob, 892 S.W.2d at
908–09.  

            The State argues that appellant
cannot be guilty of assault because death is included in the definition of
“serious bodily injury” but not in the definition of “bodily injury.” However,
the plain language of the Penal Code shows death is a form of bodily injury.  See
Sells v. State, No. 73,993, 2003 WL 1055328, at *9 (Tex. Crim. App. Mar. 12, 2003) (explaining appellate court
interprets statute in accordance with its plain language unless it is ambiguous
or conducive to absurd results the Legislature could not have intended).  The Penal Code defines “bodily injury” as
“physical pain, illness, or any impairment of physical condition.”  Tex.
Pen. Code § 1.07(a)(8).  “Serious
bodily injury” is defined as “bodily injury that creates a substantial risk of
death or that causes death, serious permanent disfigurement, or protracted loss
or impairment of the function of any bodily member or organ.”  Tex.
Pen. Code § 1.07(a)(46).  The
plain language of the statute therefore defines serious bodily injury in terms
of bodily injury; though some forms of bodily injury are not “serious bodily
injury,” all forms of “serious bodily injury” include bodily injury.  

            Moreover, death is also bodily
injury under the plain meaning of the Penal Code because it is an “impairment
of physical condition.”  See Tex.
Pen. Code § 1.07(a)(8).  In
proving appellant caused the complainant’s death, the State necessarily had to
prove that appellant caused bodily injury to the complainant.  See Cumbie v. State 578 S.W.2d 732, 735 (Tex. Crim. App. 1979) (holding that death necessarily involves
bodily injury as defined in the Penal Code), overruled on other grounds by Almanza v. State, 686 S.W.2d 187 (Tex. Crim.
App. 1984); see also Nejnaoui
v. State, 44 S.W.3d 111, 119 (Tex. App.—Houston [14th Dist.]
2001, pet. ref’d).

            Having determined assault, as
statutorily defined, is necessarily proven by the same or fewer than all of the
facts required to establish the charged offense, it is necessary to examine
whether the proof actually presented at trial showed assault.  See
Jacob, 892 S.W.2d at 908.  In making
its case, the State relied heavily on appellant’s videotaped statement in which
she blamed the murder on a third person named Chop.  In the statement, appellant claimed she only
wrestled with the complainant, hit him with her hands, and swung at him.  These facts are sufficient to show appellant
assaulted the complainant.  See Bartholomew, 871 S.W.2d at 213 (finding speeding and racing
were lesser-included offenses of reckless driving when the State relied on
evidence of speeding and racing to establish offense of reckless driving); see also Letson
v. State, 805 S.W.2d 801, 806–07 (Tex. App.—Houston [14th Dist.] 1990, no
pet.) (holding kicking that caused pain sufficient to establish assault).  Accordingly, under the facts of this case,
assault is a lesser-included offense of murder as charged in the
indictment.  See Tex. Code Crim. Proc. Art. 37.09(1).

 class=Section8>

            2.         Could a jury rationally find appellant
guilty of only assault?

            As set forth above, appellant was
entitled to a jury instruction on assault as a lesser-included offense only if
evidence was presented that would allow a jury to rationally find that, if
appellant was guilty, she was guilty of only assault.  See
Bartholomew, 871 S.W.2d at 212–13. 
In determining whether an instruction on a lesser-included offense
should have been given, we may not consider the credibility of the evidence or
whether it conflicts with other evidence or is controverted.  See Penry v. State, 903 S.W.2d 715, 755 (Tex. Crim. App. 1995). 
Here, if the jury believed appellant’s statement that Chop was
responsible for the murder, it rationally could have found that appellant only
assaulted the complainant.  Appellant’s
contention that three people (in addition to the complainant) were present was
arguably corroborated by the downstairs neighbor’s testimony that after she
heard a thump like a head hitting the ground in the bathroom and two people
exit the apartment, she heard loud noise from the bedroom as if someone was in
the apartment searching for something. 
The absence of marks on appellant’s body also arguably supports
appellant’s position that she did not stab the complainant.  Based on these facts, the jury rationally
could have found that appellant was only guilty of assault.  The trial court therefore erred when it
denied appellant’s request for an instruction on assault as a lesser-included
offense.  

            3.         Did the charge error harm appellant?  

            Appellant preserved error in the
trial court.  Thus, we consider whether
appellant suffered some harm because of the failure to include a jury
instruction on assault as a lesser-included offense.  See Almanza, 686 S.W.2d at 171.  The degree of actual harm suffered must be
determined by looking not just at the jury charge, but at “any other part of
the record as a whole which may illuminate the actual, not just theoretical,
harm to the accused.”  Id. at 174; see also Marvis v. State, 36 S.W.3d 878,
880 (Tex. Crim. App. 2001) (stating the actual degree
of harm must be assayed in light of the entire jury charge, the state of the
evidence, including the contested issues and weight of probative evidence, the
argument of counsel, 

 class=Section9>

and
any other relevant information revealed by the record of the trial as a
whole).  The record reveals that the jury
deliberated for more than a day and had a very difficult time reaching a
unanimous verdict.  The record also
contains a jury note stating that, at one point in its deliberations, the jury
was split seven against five in favor of finding appellant not guilty.  We find appellant was harmed because this
divided jury was not allowed to consider the lesser-included offense of assault
in connection with the charge of murder. 
See Mitchell v. State, 807
S.W.2d 740, 742 (Tex. Crim. App. 1991).  Based on this record, we hold the trial
court’s erroneous failure to charge the jury on assault as a lesser-included
offense was calculated to injure appellant’s rights and caused appellant some
harm.  See id.; Almanza, 686
S.W.2d at 171.  Accordingly, we sustain
appellant’s sixth issue and find this case must be remanded to the trial court
for a new trial.  Having held appellant
is entitled to a new trial, we do not reach appellant’s first, second, fourth,
and fifth issues.  See Tex. R. App. P. 47.1.

IV.  Conclusion 

            The evidence in this case is legally
sufficient to sustain appellant’s conviction. 
However, the trial court’s failure to instruct the jury on assault as a
lesser-included of murder is reversible error under the facts of this
case.  Accordingly, we reverse the trial
court’s judgment and remand for a new trial.

 

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment
rendered and Opinion filed May 22,
 2003.

Panel
consists of Justices Yates, Anderson, and Frost.

Publish — Tex. R. App. P. 47.2(b).

 

 











            [1]  A person acts intentionally with respect to the result of her
conduct when it is her conscious objective or desire to cause the result.  See
Tex. Pen. Code § 6.03(a).





            [2]  A person acts knowingly with respect to the result of her
conduct when she is aware her conduct is reasonably certain to cause the
result.  Tex. Pen. Code § 6.03(b).