COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-06-040-CR

        2-06-041-CR

JEREMIAH GENE SEXTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jeremiah Gene Sexton was convicted by a jury of three counts of aggravated sexual assault of a minor and one count of aggravated kidnapping.  Punishment was assessed by the trial court at ninety-nine years’ imprisonment on each of the four counts.  In his sole point, appellant contends that the trial court deprived him of his constitutional right to effective assistance of counsel by failing to investigate his pre-trial complaints regarding the adequacy of his court appointed attorney’s representation.  We will affirm.

The record in this case indicates that approximately six months prior to his scheduled trial date, appellant filed with the trial court a “Declaration of Conflict Between Attorney and Client” requesting a substitution of his court appointed trial counsel.  In the motion, appellant stated that he “would show the court the following:”

1. Counsel shows no interest in [the] case at hand.

2. Failure of counsel to meet with [appellant] and/or acquaint himself with the facts of [the] case.

3. Total breakdown of communications between attorney and client.

4. Failure of counsel to request [a] criminal investigator for [appellant].  

However, appellant failed to request a hearing on his motion and no further action was taken by the trial court with respect to this filing.  Appellant filed a second declaration approximately two and one-half weeks before trial, again requesting the appointment of new counsel.  Nevertheless, appellant again failed to request a hearing on the declaration, and the motion remained pending in the trial court.  Appellant’s case proceeded to trial on January 24, 2006, and the jury subsequently convicted him on all four counts.           

Appellant now argues that the trial court erred in failing to sua sponte hold a hearing on his pre-trial complaints regarding his court-appointed attorney’s representation.
(footnote: 2)  Appellant contends that, despite his failure to request a hearing, the trial court had a duty to follow up on the objections raised in his motions in order to protect his Sixth Amendment right to effective assistance of counsel.  We disagree.

As explained by the Texas Court of Criminal Appeals, 
once a trial court appoints an attorney to represent an indigent defendant, the defendant has been afforded all of the constitutional protections provided for under the Sixth and Fourteenth Amendments regarding counsel. 
 Malcom v. State, 
628 S.W.2d 790, 792 (Tex. Crim. App. [Panel Op.] 1982).  The constitution imposes no duty on a trial court judge to sua sponte hold a hearing and assess a defense attorney’s effectiveness every time a criminal defendant expresses dissatisfaction with his trial counsel.  
See id.  
Rather, the accused bears the burden of bringing the matter to the attention of the trial court and successfully proving that he is entitled to a change of counsel.  
Id. 
at 791; 
Webb v. State
, 533 S.W.2d 780, 784 n.3 (Tex. Crim. App. 1976); 
King v. State, 
511 S.W.2d 32, 34 (Tex. Crim. App. 1974).  

In this case, even if we assume that appellant brought the matter to the trial court’s attention by way of filing his pro se motions, appellant failed to request a hearing on the matter or otherwise attempt to make a record to support his contentions.  
See Hill v. State, 
686 S.W.2d 184, 187 (Tex. Crim. App. 1985).
(footnote: 3)  
Absent a request for a hearing, no error was presented for our review.  
Hill, 
686 S.W.2d at 187.  

In his brief, appellant acknowledges that, under current Texas law, the trial court had no duty to sua sponte investigate his pre-trial complaints regarding his court appointed counsel.  Nevertheless, he argues that the Texas cases addressing this issue are inconsistent with federal constitutional law regarding a trial court’s obligations in appointing an indigent criminal defendant counsel under the Sixth Amendment.  Appellant contends that Texas case law places too great a burden on criminal defendants to request a hearing, present formal evidence, and obtain a ruling with respect to their pre-trial complaints. According to appellant, “[t]he reason that individuals are appointed attorneys in the first place is because they are not familiar enough with the [c]ourt [s]ystem to request and obtain trial settings, formally present evidence, and obtain final rulings.”   

However, as an intermediate appellate court, we are bound by the controlling decisions of the court of criminal appeals
. 
See Sierra v. State, 
157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004, pet. granted) (op. on reh’g); 
Wiley v. State
, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd).  Stare decisis
 
mandates that attorneys and courts follow the decisions of our state’s highest criminal court to the extent the facts and circumstances of the case fall within the parameters of the Texas Court of Criminal Appeals’s prevailing opinions.  
See McGlothlin v. State
, 896 S.W.2d 183, 188-89 (Tex. Crim. App. 1995), 
abrogated on other grounds by Leday v. State, 
983 S.W.2d 713, 725 (Tex. Crim. App. 1998) (“When a rule has been once deliberately adopted and declared and uniformly followed, it should not be abandoned except upon the most urgent of reasons.”
)
.
  Therefore, we overrule the appellant’s sole point and affirm the trial court’s judgments.

        
ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 8, 2007

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
It is worth noting that appellant does not argue that his trial counsel, in fact, rendered ineffective assistance during the course of the underlying proceedings.  Rather, his appeal is based solely on the assertion that the trial court erred in not investigating his pre-trial complaints concerning his attorney.    

3:
See also Reeves v. State, 
No. 02-05-122-CR, 2005 WL 3527145, at *1 (Tex. App.—Fort Worth Dec. 22, 2005, pet. ref’d) (mem. op.) (not designated for publication); 
Davis v. State, 
03-03-148-CR, 2004 WL 1171442, at *5 (Tex. App.—Austin May 27, 2004, pet. dism’d) (mem. op.) (not designated for publication).