COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.  2-06-040-CR

        2-06-041-CR

 

 

JEREMIAH GENE SEXTON                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Jeremiah Gene Sexton was convicted by a jury of
three counts of aggravated sexual assault of a minor and one count of
aggravated kidnapping.  Punishment was
assessed by the trial court at ninety-nine years= imprisonment on
each of the four counts.  In his sole
point, appellant contends that the trial court deprived him of his
constitutional right to effective assistance of counsel by failing to
investigate his pre-trial complaints regarding the adequacy of his court
appointed attorney=s representation.  We will affirm.

The record in this case
indicates that approximately six months prior to his scheduled trial date,
appellant filed with the trial court a ADeclaration of Conflict Between Attorney and Client@ requesting a substitution of his court appointed trial counsel.  In the motion, appellant stated that he Awould show the court the following:@

1.     Counsel shows no interest in [the] case at hand.

2.     Failure of counsel to meet with [appellant] and/or acquaint
himself with the facts of [the] case.

3.     Total breakdown of communications between attorney and client.

4.     Failure of counsel to request [a] criminal investigator for
[appellant].  

 

However, appellant failed to request a hearing on
his motion and no further action was taken by the trial court with respect to
this filing.  Appellant filed a second
declaration approximately two and one-half weeks before trial, again requesting
the appointment of new counsel. 
Nevertheless, appellant again failed to request a hearing on the
declaration, and the motion remained pending in the trial court.  Appellant=s case proceeded to trial on January 24, 2006, and the jury
subsequently convicted him on all four counts.           








Appellant now argues that the
trial court erred in failing to sua sponte hold a hearing on his pre-trial
complaints regarding his court-appointed attorney=s representation.[2]  Appellant contends that, despite his failure
to request a hearing, the trial court had a duty to follow up on the objections
raised in his motions in order to protect his Sixth Amendment right to
effective assistance of counsel.  We
disagree.

As explained by the Texas
Court of Criminal Appeals, once a trial court appoints an attorney to represent
an indigent defendant, the defendant has been afforded all of the
constitutional protections provided for under the Sixth and Fourteenth
Amendments regarding counsel.  Malcom
v. State, 628 S.W.2d 790, 792 (Tex. Crim. App. [Panel Op.] 1982).  The constitution imposes no duty on a trial
court judge to sua sponte hold a hearing and assess a defense attorney=s effectiveness every time a criminal defendant expresses
dissatisfaction with his trial counsel.  See
id.  Rather, the accused bears the
burden of bringing the matter to the attention of the trial court and
successfully proving that he is entitled to a change of counsel.  Id. at 791; Webb v. State, 533
S.W.2d 780, 784 n.3 (Tex. Crim. App. 1976); King v. State, 511 S.W.2d
32, 34 (Tex. Crim. App. 1974).  








In this case, even if we
assume that appellant brought the matter to the trial court=s attention by way of filing his pro se motions, appellant failed to
request a hearing on the matter or otherwise attempt to make a record to
support his contentions.  See Hill v.
State, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985).[3]  Absent a request for a hearing, no error was
presented for our review.  Hill, 686
S.W.2d at 187.  








In his brief, appellant
acknowledges that, under current Texas law, the trial court had no duty to sua
sponte investigate his pre-trial complaints regarding his court appointed
counsel.  Nevertheless, he argues that the
Texas cases addressing this issue are inconsistent with federal constitutional
law regarding a trial court=s obligations in appointing an indigent criminal defendant counsel
under the Sixth Amendment.  Appellant
contends that Texas case law places too great a burden on criminal defendants
to request a hearing, present formal evidence, and obtain a ruling with respect
to their pre-trial complaints. According to appellant, A[t]he reason that individuals are appointed attorneys in the first
place is because they are not familiar enough with the [c]ourt [s]ystem to
request and obtain trial settings, formally present evidence, and obtain final
rulings.@   

However, as an intermediate appellate court, we are bound by the
controlling decisions of the court of criminal appeals. See Sierra v. State,
157 S.W.3d 52, 60 (Tex. App.CFort Worth 2004, pet.
granted) (op. on reh=g); Wiley
v. State, 112 S.W.3d 173, 175 (Tex. App.CFort Worth 2003, pet.
ref'd).  Stare decisis mandates
that attorneys and courts follow the decisions of our state=s
highest criminal court to the extent the facts and circumstances of the case
fall within the parameters of the Texas Court of Criminal Appeals=s
prevailing opinions.  See McGlothlin
v. State, 896 S.W.2d 183, 188‑89 (Tex. Crim. App. 1995), abrogated
on other grounds by Leday v. State, 983 S.W.2d 713, 725 (Tex. Crim. App.
1998) (AWhen
a rule has been once deliberately adopted and declared and uniformly followed,
it should not be abandoned except upon the most urgent of reasons.@).  Therefore, we overrule the appellant=s
sole point and affirm the trial court=s judgments.

 

 

 

                                                        ANNE
GARDNER

JUSTICE

PANEL B:   LIVINGSTON, GARDNER,
and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
February 8, 2007











[1]See Tex. R. App. P. 47.4.





[2]It is worth noting that appellant
does not argue that his trial counsel, in fact, rendered ineffective assistance
during the course of the underlying proceedings.  Rather, his appeal is based solely on the
assertion that the trial court erred in not investigating his pre-trial
complaints concerning his attorney.    





[3]See
also Reeves v. State, No. 02-05-122-CR, 2005 WL 3527145, at *1
(Tex. App.CFort
Worth Dec. 22, 2005, pet. ref=d) (mem. op.) (not designated
for publication); Davis v. State, 03-03-148-CR, 2004 WL 1171442, at *5
(Tex. App.CAustin
May 27, 2004, pet. dism=d)
(mem. op.) (not designated for publication).