

**NUMBERS 13-12-00786-CR AND 13-13-00147-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

WILLIAM BOTELLO, Appellant,

**v.**

THE STATE OF TEXAS, Appellee.

**On appeal from the 347th District Court
of Nueces County, Texas.**

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Benavides, and Longoria
Memorandum Opinion by Justice Rodriguez**

Appellant William Botello challenges his convictions for burglary of a vehicle, enhanced to a state jail felony, *see* TEX. PENAL CODE ANN. § 30.04 (West 2011), and for burglary of a habitation, enhanced to a first-degree felony. *See id.* § 30.02 (West 2011). Botello pleaded guilty to both offenses without a plea agreement. After the State presented evidence of prior offenses, the trial court assessed punishment at two years in

state jail and twenty years in prison, with the sentences to run concurrently. By two issues, Botello contends that the trial court erred when it failed (1) to set a hearing or make an adequate inquiry regarding Botello's request for a new, appointed counsel; and (2) to grant Botello's request for new counsel. We affirm.[1]

## I. APPOINTED COUNSEL

By his first issue, Botello asserts the trial court erred in failing to set a hearing on his pro se correspondence filed with the district clerk on September 28, 2012 and October 16, 2012, approximately three months before trial.[2] In his correspondence, Botello complained of ineffective assistance of counsel and stated that he wanted to "fire" his attorney. We construe this correspondence broadly as a motion to dismiss appointed counsel and to appoint substitute counsel.

By his second issue, Botello contends that the trial court erred in failing to grant his request for new counsel. In response, the State asserts that Botello failed to establish that he was entitled to a change of counsel because the record does not reflect that the trial court was aware of his dissatisfaction with his court-appointed attorney. And even if the court was aware of his dissatisfaction, the State argues that there is no evidence in the record substantiating Botello's complaints.

## A. Applicable Law and Standard of Review

If a defendant is displeased with his appointed counsel, he must bring the matter to

---

[1] This Court assigned separate cause numbers and later granted Botello's motion to consolidate the appeals for purposes of briefing. We will now address the appeals in one opinion.

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

the court's attention, which means more than merely filing a motion to dismiss counsel. *Malcom v. State*, 628 S.W.2d 790, 791–92 (Tex. Crim. App. 1982) (explaining that the trial court is under no duty to sua sponte hold a hearing); *Garner v. State*, 864 S.W.2d 92, 100 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). The defendant bears the burden of making the trial court aware of his dissatisfaction with counsel, stating the grounds for the dissatisfaction, and substantiating the grounds. *Hill v. State*, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985) (en banc); *see also Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977) (holding that a defendant bears the burden of showing adequate cause for the appointment of a different attorney). Even when the trial court is aware of a defendant's dissatisfaction with his counsel, when the defendant does not request a hearing, the trial court does not err in failing to conduct one. *See Malcom*, 628 S.W.2d at 792; *Stovall v. State*, 480 S.W.2d 223, 224 (Tex. Crim. App. 1972); *Reddic v. State*, 976 S.W.2d 281, 282–83 (Tex. App.—Corpus Christi 1998, pet. ref'd).

## B. Discussion

The motion Botello filed did not contain a request for a hearing. No oral or written motion for a hearing or for a request for a ruling appears in the record. In fact, there is nothing in the record to indicate the trial judge was made aware of Botello's dissatisfaction with his counsel, the grounds for such dissatisfaction, or his desire to have new counsel appointed. *See Hill*, 686 S.W.2d at 187; *see also Thomas*, 550 S.W.2d at 68. Botello, himself, concedes on appeal that "[t]he trial court may not have even been aware of his concerns."

Instead, during the plea hearing, when asked if he had the opportunity to speak with his attorney regarding any defenses he might have and if he was satisfied with

3

counsel's services, Botello replied, "Yes, ma'am." Botello also acknowledged that he initialed certain admonishments, one of which asked whether he had sufficient time with his lawyer, was satisfied with his lawyer's representation, and had no complaints against his lawyer or objections to his representation.[3] Also, State Exhibits 1 and 2, Botello's judicial confession and stipulation in each case, show that Botello signed a document that included the following: "My attorney has investigated the facts and circumstances surrounding my case, discussed those with me, and advised me of possible defenses. I am satisfied with my attorney's representation." None of the participants at the hearings referenced the motion or Botello's complaints; the record is void of any discussion regarding the subject matter of Botello's motion or his apparent desire for a hearing. And though he testified during the hearing, Botello, himself, did not mention his correspondence or his complaints and did not request a hearing on his motion.

Nonetheless, even were we to conclude that the trial court was aware of his complaints; there is nothing in the record substantiating those complaints. *See Hill*, 686 S.W.2d at 187. Botello contends that his letters "met his burden of 'entitlement to a change of counsel.'" Yet the only evidence in the record indicates that Botello was satisfied with counsel's services. Botello's unsubstantiated allegations in his motion do not satisfy his burden of proving that he was entitled to a change of counsel. *See King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) ("[A]lthough appellant was given the opportunity to expand on his reasons for dissatisfaction with counsel, appellant failed to do so and simply referred the trial court to his letters."); *Maes v. State*, 275 S.W.3d 68, 71–72 (Tex. App.—San Antonio 2008, no pet.) ("[W]hen the court directed its attention to

---

[3] We note that Botello initialed this section in one case, but not in the other.

4

defendant's motion, he only offered a vague expression of dissatisfaction with his court-appointed counsel."); *Warren v. State*, 98 S.W.3d 739, 745 (Tex. App.—Waco 2003, pet. ref'd) (explaining that a mere allegation of a conflict of interest is insufficient); *Villegas v. State*, 791 S.W.2d 226, 232 (Tex. App.—Corpus Christi 1990, pet. ref'd) ("The record indicates that appellant did not offer any evidence in support of his position that the attorneys appointed to represent him should be dismissed.").

In sum, Botello did not request a hearing. *See Malcom*, 628 S.W.2d at 792; *Stovall*, 480 S.W.2d at 224; *Reddic*, 976 S.W.2d at 282–83. The record does not reflect that the trial court was aware of Botello's dissatisfaction with his court-appointed counsel and his desire for new counsel. *See Hill*, 686 S.W.2d at 187; *see also Thomas*, 550 S.W.2d at 68. And even if the court was aware of his dissatisfaction, there is no evidence in the record substantiating Botello's grounds for such dissatisfaction. *See Hill*, 686 S.W.2d at 187. We overrule Botello's first and second issues.

## II. CONCLUSION

We affirm the judgments of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of August, 2013.

5