**Affirmed and Memorandum Opinion filed August 7, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00148-CR

**JEFFREY ALAN BRIDGES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 14-CR-3549**

## M E M O R A N D U M   O P I N I O N

Appellant Jeffrey Alan Bridges pled guilty to the felony offense of assault against a person with whom he had a dating relationship. The trial court deferred adjudication of guilt and placed appellant on community supervision for two years. Claiming appellant had violated numerous terms and conditions of his community supervision, the State filed a motion to adjudicate guilt. Following a hearing, the trial court adjudicated guilt and sentenced appellant to seven years in prison.

Appellant brings two issues on appeal. Appellant argues in his first issue that the trial court committed structural error when it denied his motion to dismiss his appointed trial counsel and also when it allegedly refused his request to proceed pro se. We overrule this issue because appellant did not ask the trial court to permit him to proceed pro se and did not present adequate cause for the replacement of his appointed trial counsel.

In his second issue, appellant contends his trial counsel was ineffective because she had the prosecutor confirm the State's offered plea bargain on the record and had appellant confirm on the record that he had rejected the State's offer. We overrule this issue because appellant has not demonstrated that this action by his trial counsel rendered her performance deficient. We therefore affirm the trial court's judgment adjudicating guilt.

## BACKGROUND[1]

Appellant was charged with committing the felony offense of assault on a person with whom he had a dating relationship. Tex. Penal Code Ann. § 22.01 (West 2011). Appellant entered a plea of guilty in accordance with a plea bargain with the State. After finding that the evidence substantiated appellant's guilt, the trial court deferred adjudication of guilt and placed appellant on community supervision for two years. The State eventually filed a motion to adjudicate appellant's guilt. The State alleged that appellant had violated numerous terms and conditions of his community supervision. Appellant pled true to several of those allegations, including use of marijuana in violation of the terms of his community supervision and failure to pay community supervision fees to the Galveston County Supervision

---

[1] Because appellant has not challenged the sufficiency of the evidence supporting the revocation of his community supervision, we include only those facts necessary to provide background for his issues on appeal.

Department. Following a hearing at which appellant and his court liaison officer testified, the trial court found numerous allegations in the State's motion to be true, revoked appellant's community supervision, and sentenced appellant to serve seven years in prison. This appeal followed.

## ANALYSIS

### I. Appellant has not established that the trial court committed structural error when it denied his request to replace his appointed trial counsel.

In his first issue, appellant makes two separate arguments that the trial court committed "structural" error during the hearing on the State's motion to adjudicate guilt. Appellant initially argues that the trial court erred when it denied his request to represent himself. The State responds that the trial court committed no error because appellant never asked to represent himself. We agree with the State.

To invoke the right to self-representation, a defendant must clearly, unequivocally, and timely assert his desire to represent himself. *See Lathem v. State*, 514 S.W.3d 796, 811–12 (Tex. App.—Fort Worth 2017, no pet.) (stating criminal defendant must assert right to self-representation for right to attach). Appellant has not pointed to any place in the record he asserted his right to represent himself or where the trial court denied the request. Further, our own review of the record has failed to reveal that appellant asserted his right to self-representation.[2] Because appellant never clearly and unequivocally informed the trial court that he desired to represent himself, we conclude he has not shown that the trial court committed any error.

Appellant next argues that the trial court erred when it denied his request to

---

[2] This includes appellant's motion to dismiss his appointed trial counsel. In that motion, appellant specifically asked the trial court to dismiss his appointed trial counsel and to then appoint replacement counsel.

3

dismiss his appointed trial counsel and to appoint a replacement attorney. We review a trial court's ruling on a motion to dismiss appointed counsel for an abuse of discretion. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). A criminal defendant is not entitled to appointed counsel of his choice. *Perez v. State*, 261 S.W.3d 760, 766 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Rather, the defendant is required to accept appointed counsel unless the defendant demonstrates an adequate reason to appoint substitute counsel. *Carroll v. State*, 176 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). A criminal defendant bears the burden of proving he is entitled to a change of appointed counsel. *Hill v. State*, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985). He must make the trial court aware of his dissatisfaction with his appointed counsel and substantiate his claim. *Id.* Personality conflicts and disagreements concerning trial strategy typically are not valid grounds for dismissal. *King*, 29 S.W.3d at 566.

During the hearing on his motion to dismiss his appointed counsel, appellant told the trial court he was concerned about the timely filing of "appropriate paperwork" verifying his compliance with the conditions of his community supervision. He also informed the trial court that his trial counsel had told him in a "threatening [and] yelling" manner that he must take the State's three-year plea offer. When the trial court asked appellant if he had anything further to say regarding his motion to dismiss, appellant responded that he did not.[3]

With respect to appellant's concerns regarding paperwork to establish his compliance with certain conditions of his community supervision, his trial counsel established during the hearing that she had copies of the referenced paperwork. As

---

[3] In his motion to dismiss, appellant listed additional complaints, including allegations that there was an "open investigation with Attorneys [sic] State Bar of Texas," that his trial counsel lied to him, and that counsel failed to represent his constitutional rights. Appellant offered no evidence in support of these allegations during the hearing on his motion.

to his remaining complaints, we conclude they reflect personality conflicts and appellant's dissatisfaction with his counsel's trial strategy, which normally are not valid grounds for dismissal of appointed counsel. *See King*, 29 S.W.3d at 566. On this record, we cannot conclude that the trial court abused its discretion when it denied appellant's motion to dismiss his trial counsel. *See Maes v. State*, 275 S.W.3d 68, 71–72 (Tex. App.—San Antonio 2008, no pet.).

Having addressed and rejected both arguments raised in appellant's first issue, we overrule that issue.

## II. Appellant has not shown that he received ineffective assistance of counsel.

Appellant argues in his second issue that his trial counsel rendered ineffective assistance of counsel because she informed the trial court of the State's offered plea bargain. Appellant also asserts that he was prejudiced by his attorney's allegedly deficient performance because it prejudiced the trial court against him.

### A. Standard of review and applicable law

In reviewing claims of ineffective assistance of counsel, we apply a two-part test. *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish ineffective assistance of counsel, an appellant must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Id.*

An accused is entitled to reasonably effective assistance of counsel. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Bradley v. State*, 359 S.W.3d 912, 916 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Reasonably effective

5

assistance of counsel does not mean error-free representation, however. *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination. *Wert v. State*, 383 S.W.3d 747, 753 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Therefore, when evaluating a claim of ineffective assistance, we consider the totality of the representation and the particular circumstances of the case. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

There is a strong presumption that trial counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *Salinas*, 163 S.W.3d at 740. It is not sufficient that an appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Lopez*, 343 S.W.3d at 143. Instead, for an appellate court to conclude that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record and the court must not engage in retrospective speculation. *Id.* at 142. When such direct evidence is not available, we will assume trial counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Id.* at 143.

Trial counsel ordinarily should be afforded an opportunity to explain her actions before being denounced as ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). Unless trial counsel has had an opportunity to give specific explanations for her decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective-assistance claim. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). When no reasonable trial strategy could

justify trial counsel's conduct, however, trial counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects trial counsel's subjective reasons for acting as she did. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). In other words, when trial counsel has not had an opportunity to explain his or her actions or inactions, an appellate court cannot find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

> **B.** **Appellant has not established that his trial counsel performed deficiently by placing appellant's rejection of the State's plea offer on the record.**

Appellant filed a motion for new trial alleging, among other things, that his trial counsel provided ineffective assistance as a result of her informing the trial court of the State's offered plea bargain. Appellant did not, however, attach an affidavit to his motion. The record does not establish that the motion was timely presented to the trial court. Tex. R. App. P. 21.6; *see generally Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998) (stating "there is nothing in the record to show appellant delivered his new trial motion to the trial court or otherwise brought the motion to the attention or actual notice of the trial court."). As a result, appellant's trial counsel was not provided an opportunity to explain her actions.

The Supreme Court of the United States has held that as a general rule, defense counsel has the duty to communicate a formal offer of a plea bargain from the prosecution to the accused. *See Missouri v. Frye*, 566 U.S. 134, 147 (2012) (holding trial counsel's failure to communicate formal plea offer to defendant constituted deficient performance under *Strickland*). The Court also stated that defense counsel could document compliance with this duty by making formal offers part of the record. *Id.* at 146. We conclude that appellant's trial counsel's decision to document

7

her compliance with the affirmative duty to inform appellant of the State's plea bargain offer does not constitute an act "so outrageous that no competent attorney would have engaged in it." Because we have determined appellant has not shown that his trial counsel's representation was deficient, we need not address the second part of the *Strickland* test.[4] We overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the trial court's judgment.

/s/ J. Brett Busby
Justice

Panel consists of Chief Justice Frost and Justices Busby and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[4] To the extent appellant argues in his second issue that his trial counsel's decision to place the State's offered plea bargain on the record rendered the trial judge biased or prejudiced against him, he has offered no authority supporting such a proposition. Nor has he offered authority for the proposition that the trial court's decision to impose a punishment on appellant that is within the statutory punishment range, but greater than the punishment offered in a rejected plea bargain, establishes that the trial judge is biased or prejudiced against him. As a result, to the extent appellant makes such arguments, we reject them. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) ("Absent a clear showing of bias, a trial court's actions will be presumed to have been correct."); *Barfield v. State*, 464 S.W.3d 67, 81 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) ("Our review of the record, including the pages appellant cites, does not reveal obvious bias.").